Upon the trial the plaintiffs proved their case sufficiently. On the part of the defendants it was proven that they delivered to Brown some bonds and accounts due to them, the defendants, from persons (379) resident in South Carolina, where Brown lived; and he gave them a writing purporting that these debts, when collected, should be passed to their credit. Some of the accounts were returned, but one account and some of the bonds had been sued upon in South Carolina, and judgments obtained, and nulla bona returned to the executions. One of them had been sued upon, and the record proved it to have been proceeded upon for some time, and up to the time when by another record it was proven that the defendant had been attainted of a capital offense and hanged; but none of these suits had been instituted till after the expiration of a year from the receipt of the papers by Brown. None of these bonds or accounts were endorsed.
(after argument by Duffy for the plaintiffs, and Henderson for the defendants):
Where a creditor receives papers that are evidences of debts due to the debtor, to be passed to the credit of the debtor when the money due upon them shall be received, the creditor is bound to use all the same diligence to procure payment, and in giving notice to his debtor of nonpayment, as if the papers received were actually negotiable in their nature, and endorsed. This is proved by Chamberlyn v. Delarive, cited at the bar from 2 Wils., 353. And as it has been determined in our courts that a year shall be the longest time allowed for the giving of this notice, in a case decided at Morganton, there is great reason why a person who receives instruments not negotiable should be bound to give notice in reasonable time, and return the papers, since until the notice given, and the papers returned, the person who passed them has it not in his power to institute suits for the recovery of the moneys due upon them; and for want of such notice and return of papers he may lose his debt entirely.