The act of limitations would make a title for the defendant, if the deed extended to the marked line; but I am of opinion it extended no further than to J. Blount's line, wherever that was. The demarcation is not an ascertainment of the line, which he meant as James Blount's line, called for in the deed; and of course the defendant has no color of title to the land in dispute. Also, though the patent calls for Beasley's line, and the patentee's old line, S. 85 E. for one boundary, still the jury may consider Beasley's line the boundary, so far as it goes; and then the marked line, which is 51 poles to the north of it and parallel to the line drawn from the termination of Beasley's, the same course with Beasley's, because there have been many (354) decisions in this country which warrant a departure from the line described in a deed or patent, to follow a marked line which the jury have good reason to believe was the true one. *Page 311 
NOTE. — See, as to the second point, Person v. Roundtree, 1 N.C. 69, and the references in the note to that case. 2 N.C. 378.
Cited: Cherry v. Slade, 7 N.C. 88; Fruit v. Brower, 9 N.C. 341; Reedv. Shenk, 14 N.C. 68, 70; Dobson v. Whisenhunt, 101 N.C. 648; Brown v.House, 118 N.C. 879.