Pearson, J.
 

 George M. Hartman, for the purpose of dividing a tract of land between two of his sons, in tire morning of the day on which he executed the deed in question, caused a survey to be made, in pursuance of which, a black-oak was marked as a corner, at one end of the dividing line; trees along the line were then marked, and a stone was set up with “ pointers around” at the other end; afterwards the deed was executed. Its calls are, “ beginning at a post-oak, one of the old corners, south with Smith’s line 145 poles to a stone, and -(a blank) a new corner, east, 110 poles, to a stone on the old line, north with the old line, 145 poles, to a white-oalc, west 110 poles to the beginning.” The question is, does the
 
 *189
 
 deed extend to the “ black-oak,” or does it stop at the end of the distance? There was evidence, that after these two corners were made, and the line was marked, and before the execution of the deed, the surveyor informed George M. Hart-, man
 
 “
 
 there was a mistake in making the corner which he did, but that the bargainor could measure back a rod or two from the
 
 blaclc-oale,
 
 and make a corner.” His Honor was requested to charge, that if the bargqinor, before he made the deed, ascertained that there was a mistake, he had a right to change the corner, and adopt, for the corner, a point at the end of the distance, instead of the
 
 “
 
 black-oak,” and the point adopted would be the true corner. This was refused, and his Honor charged
 
 “
 
 that notwithstanding the
 
 blacle-oalt
 
 was not called for in the deed, yet, if it was marked as a corner to the land conveyed,
 
 at the time of the
 
 conveyance, the line should be extended to it, regardless of course and distance.” In this there is error. His Honor misconceived and misapplied the rule laid down in
 
 Cherry v. Slade,
 
 3 Murph. Rep. 82. “ Where it can be proved that there was a line actually run by the surveyor, which was marked, and a corner made, the party claiming under the patent or deed shall hold accordingly, notwithstanding a mistaken, description of the land in the patent or deed.” This rule presupposes that the patent or deed is made in pursuance of
 
 the
 
 survey, and
 
 that the line was marked,
 
 and the
 
 corner that was made
 
 in making the
 
 simey,
 
 was adopted and acted upon in
 
 malting the patent or deed,
 
 and therefore permits such line and corner to control the patent or deed, although they are not called for, and do not make a part of it. Parol evidence being thus let in for the purpose of controlling the patent or deed, by establishing a line and corner not called for, as a matter of course, it is also let in for the purpose of showing that such line and corner was not adopted and acted on in making the patent or deed, because the rule presupposes this to be the fact. Eor this reason we are inclined to the opinion that the rule is confined to patents or grants by the State, where the law requires the survey to be made, and the Secretary of State to make out the grant in
 
 *190
 

 gou/rsucwice thereof.
 
 Or possibly it may extend to
 
 old deeds, ex necessitate,
 
 where the growth of the marked corners and line-trees show that the survey had been made for the purpose of making the deed. The eases that we have examined where the ruléis acted on, are all in reference to the location of patents. Such seems to have been the opinion of RuffiN, J., who says,
 
 stakes
 
 have never yet varied the construction;
 
 marked trees,
 
 though
 
 not called for, home,
 
 when they were proved by the
 
 aimual growth
 
 to have been marked for the particular tract. To relax the rule still further would be to let in an inundation of fraud, perjury and alteration of land marks.” It is possible that the word
 
 “
 
 deed” has been interpolated into the rule in the many repetitions made of it, as a
 
 dictum
 
 / certainly, the reason upon which it is based does not apply as strongly to deeds, as to grants, and as it is a violation of principle, we are opposed to its extension.
 

 It is not necessary, however, to express a decided opinion, or to prosecute the investigation far enough to form one, because in this case, the plaintiff offered to show that the line and corner were not adopted or acted upon in making the deed, and consequently the rule had no application admitting it to be extended to deeds of recent date. Besides, the evidence offered, that the bargainor had his attention called to the mistake, before he executed the deed, there is, in this case, the further fact, that the deed calls for “ a stone and-blank a new coiner” at the end of the distance, which is inconsistent with the fact that the “ black-oak” was adopted and acted upon as the corner in making the deed ; for if so, as it had been marked that very day, why was it not called for in the deed as the new corner intended ? This was matter for the jury, and the charge, “ if it (the ‘ black-oak’) was marked as a corner to the land, conveyed at the
 
 time of the comeycmce,
 
 the line should be extended to it,” was erroneous, and misled the jury, taken in connection with, the refusal to charge as requested. It was admitted that the black-oak had marks on it, as a corner, at the time of the conveyance, but the point was, did the bargainor adopt the black-oak as the
 
 *191
 
 corner in making the deed, or did be reject it and adopt a stone, or tbe point at the end of the distance ?
 

 Per Curiam, Judgment reversed, and a
 
 venire de novo.