J. E. BLACK v. W. H. BLACK.

*Deceit—Issues—Exception—Charge—Prayer for Instruction.*

1. Issues substantially presenting the questions of fact in controversy, though unnecessarily multiplied, are not the proper subject of exception.

2. The test is, did the issues presented afford the parties opportunity to introduce all pertinent evidence and apply it fairly.

3. A charge reasonably responsive to prayers for instruction is all that can be required if it states the law correctly.

4. In action for deceit in the sale of a mule, a charge that to maintain his action, the plaintiff must establish that the mule was unsound, that defendant falsely and fraudulently asserted it to be sound, that these false representations induced the trade; and that if the plaintiff was not in fact misled, but acted on his own judgment, the jury should find that he was not induced to part with his property, was fairly explanatory of the action.

This was a CIVIL ACTION, tried at the August Term, 1891, of MECKLENBURG Superior Court, before *Hoke, J.*

The action was brought to recover damages, which plaintiff alleges he sustained by reason of the *deceit* of the defendant in respect to a mule which the plaintiff took from him in exchange for a horse. The pleadings raised issues of fact. The verdict of the jury was favorable to the plaintiff, and the Court gave judgment in his favor. The defendant having assigned error, appealed.

*Messrs. Clarkson & Duls* (by brief) for plaintiff.
*Messrs. Burwell & Walker* (by brief) for defendant.

MERRIMON, C. J.: The issues tendered by the defendant were appropriate, but the substance of them was sufficiently embodied in those submitted to the jury. The latter, though unnecessarily multiplied, served to ascertain and settle the

material facts in controversy; they were simple, did not necessarily confuse the jury, nor can we see that the defendant suffered prejudice from them. The issues raised by the pleadings were, in substance, submitted, though not in the most direct form. They afforded the parties, respectively, opportunity to introduce all pertinent evidence and apply it fairly and intelligently. This is sufficient, unless the complaining party shows that he suffered prejudice from the number and character of the issues. The first exception is, therefore, unfounded.

The defendant requested the Court to give the jury twelve special instructions. It gave several of them, properly declined to give others, and gave so much of the remaining ones as he was entitled to have given. He complains particularly, that the Court declined to tell the jury in terms that "if plaintiff was told the mule was lame, and took him at his own risk, the defendant was relieved from disclosing any defects, if they existed, and is not guilty of a false and fraudulent representation, or a fraudulent concealment in not making the particular defect known to plaintiff."

If it be granted that he was entitled to have the substance of this instruction given, we think the Court gave it with sufficient directness and fullness. It said, among other pertinent things, to the jury, "that in order to maintain his action, it was necessary for plaintiff to establish that the mule was unsound; that defendant falsely and fraudulently asserted it to be sound, and that these false representations induced plaintiff to make the trade. If plaintiff was not, in fact, misled by defendant, but acted on his own judgment in making the trade, they should find that he was not thereby induced to part with his property." This plainly implied that the plaintiff could not recover if he took the mule at his own risk, relied and acted upon his own judgment. The evidence was conflicting, presenting two distinct aspects of it—one favorable to the plaintiff; the other to the defend-

ant The Court referred to it in detail, pointing out its bearing upon the several issues. The charge was intelligent, very fair, sufficiently specific and full, and we are unable to discover any error that entitles the defendant to a new trial.

Affirmed.