N. J. LANCE AND WIFE v. JAMES H. RUMBOUGH.

(Filed 22 December, 1908.)

1. Deeds and Conveyances—Natural Boundaries—Courses and Distances—Controlling Calls.

When a deed calls for two natural boundaries at the same place, in this case a chestnut oak on the J line, and one of them (the oak) can be satisfactorily located, and as to the other (the J line) there is no evidence of its placing, the jury is guided by the natural boundary found and established, and the line will terminate at it, however wide of the course called for, or however short of or beyond the distance specified it may be.

2. Same—Survey in Contemplation of Deed.

While as a general rule a call in a deed to an established boundary of an adjoining tract of land will control course and distance, there is an exception when the boundary called for was not located at the time and a survey was made and agreed upon by the parties as establishing the lines and boundaries of the land subsequently and accordingly conveyed; and when there is evidence making for the grantor's contention, that the *locus in quo* fitted into the description of the deed, it is proper for the judge to charge the jury that if they so found the facts from the greater weight of evidence, to answer the appropriate issue for the plaintiff.

3. Issues—Sufficiency.

The issues were sufficient to present all matters relevant and necessary to the determination of the rights of the parties, and it was not error in the trial judge to submit those tendered in this case.

**4. Notes—Uncertain Amount Due—Suit—Tender.**

> When the correct amount due by plaintiff on his notes, secured by mortgage, was neither admitted nor shown, and could not be ascertained until certain questions were determined in his suit involving the quantity of lands for the purchase price of which the notes were given, a tender of payment was unnecessary.

ACTION tried by *Peebles, J.,* and a jury, at May Term, 1908, of MADISON.

This action was brought to enjoin the defendants from selling certain land conveyed to the plaintiff Fannie E. Lance under a power of sale contained in a deed of trust, until the amount due on the debt secured by the said deed of trust, which was in dispute, could be ascertained. The land was conveyed to the *feme* plaintiff by deed with full covenants for $650; she paid $50 and, with her husband, executed the deed of trust to secure the balance of the purchase money. She alleged that the defendant, J. H. Rumbough, who sold the land to her, was not the owner of all the land conveyed by him.

The issues submitted to the jury, with the answers thereto, were as follows:

1. Did the defendants, J. H. and C. T. Rumbough, sell and convey to the plaintiff Fannie E. Lance the 21.8 acres of land lying south and southeast of the red line on the plat running from 1 to 2 to 3, as alleged in the complaint? Answer: "Yes."

2. What was the value of the 21.8 acres of land lying south and southeast of said line running from 1 to 2 to 3, at the time of the conveyance from the said defendants to the said Fannie E. Lance, if said land was conveyed to them? Answer: "$450."

3. What was the value of the 27.3 acres of land lying north of the red line 1, 2 and 3 at the time of the conveyance from the defendants to the said Fannie E. Lance? Answer: "$450."

The facts of the case and the contentions of the parties as to the location of the land are fully stated in the charge of the court, which was as follows:

"The plaintiffs in this action contend that on 11 February, 1903, the defendants, J. H. and C. T. Rumbough, conveyed to the plaintiff Fannie E. Lance all the lands embraced within the black lines on the plat and containing in the aggregate about 49 acres, and that the defendants executed to the plaintiff a deed therefor with full covenants of seizin and warranty.

LANCE *v.* RUMBOUGH.

"Plaintiffs further contend that before the execution of said deed the defendant J. H. Rumbough caused one J. H. Hunter, a surveyor, to survey the tract of land and mark its corners and lines, and that Hunter, acting under the directions of the defendant J. H. Rumbough, and in the presence of his agent, J. C. Rumbough, and also in the presence of the plaintiff N. J. Lance, began the survey at A, as shown on the plat, and ran thence to B to C to E to F to G to H to I to J to K to L to M to N to O to P to Q to R to S and back to A, and that Hunter, at the time he made the survey, marked the corners and lines of said tract so surveyed by him wherever there were trees or other natural objects capable of being marked.

"The defendants, on the other hand, contend that they only sold the plaintiff the land lying north of the line running from 1 to 2 to 3, or the Johnson line claimed by them to be the one called for in their deed, and that the defendant J. H. Rumbough instructed Hunter to begin surveying at A, and to run by way of B and C to D, and thence by way of the red line to 2 and 3, and passing 3 and crossing Spring Creek to the Spring Creek Road, and thence down and with that road to the beginning.

"The defendants further contend that if their deed to the plaintiff should be so construed as to run from A to the chestnut oak at G in the Johnson line, as the next call in the deed is S. 70° 30′ W. and with said line 24 poles to a stake, that you would run from G straight to the red line between 1 and 2 and thence with that line 24 poles, which would carry it to near the figure 2, and thence with the red line from 2 to 3 and passing 3 and crossing Spring Creek to the road.

"The plaintiffs, replying to this position of the defendants, say: That at the time the survey was made and the deed executed there was a suit pending between Rumbough and Johnson to establish the Johnson line, and Rumbough contended that the Johnson line began at a maple stump about 20 poles up the river and south of 1, and ran from thence passing G to H and from H to I, and that a survey had been made in said action by Hunter, prior to the time he made the survey for Lance and Rumbough, in which he had located the line for Rumbough

according to his contention, and that when he started to make the survey for Lance and Rumbough, before the execution of the deed, Rumbough instructed him to run the line up the ridge from A to the Johnson line at G, as contended for by Rumbough, and thence with said line to Spring Creek.

"The plaintiffs further say that if you run the line from A to G and thence a straight line to the red line near D, and with the red line to Spring Creek, no other call in the deed after leaving G will fit the survey.

"The defendants admit that at the time of the conveyance from them to the plaintiff Fannie E. Lance they nor either of them were seized of the lands lying south and southeast of the red line running from 1 to 2 to 3, as shown on the plat, and therefore they had no right or power to convey the same to the said Fannie E. Lance.

"As to the first issue, the court charges you that whenever a natural boundary is called for in a patent or deed, the line is to terminate at it, however wide of the course called for it may be or however short of or beyond the distance specified.

"But where two natural boundaries are called for at the same place, as, in this case, a chestnut oak in the Johnson line on the ridge, and one of them can be found and satisfactorily located and the other cannot, then you should be guided by the natural boundary found and located. The line of another tract of land is a natural boundary, provided, at the time the deed calling for it is made, the line is indicated by visible marks so that it can be identified and located, or if it can in any other way be located with reasonable certainty. There is no evidence before you tending to show that, at the date of the plaintiff's deed, the Johnson line from 1 to 2 to 3 had ever been marked, or could with reasonable certainty be ascertained and located. If the plaintiff has satisfied you, by the greater weight of the evidence, that, prior to the making of the deed, Hunter was requested by J. H. Rumbough to survey the land, in order that he and his wife might make plaintiff a deed for it, and Hunter made the survey according to the instructions of Rumbough, as indicated by the black line on the map beginning at A thence to B to C to D to E to F to G to H to I to J to K to L to M to N to O to

P to Q to R to S, to the beginning, and that the deed was made in pursuance to that survey, and that the calls in the deed are located according to the contention of the plaintiff as indicated on the map, and that the lines thus run include and surround the tract containing 21.8 acres and lying south and southeast of the red line, you should answer the first issue 'Yes,' otherwise you will answer it 'No.' "

The defendants' motion for a new trial having been overruled and judgment rendered upon the verdict, they excepted and appealed.

*Gudger & McElroy* for plaintiffs.
*Zachary & Roberts* for defendant.

WALKER, J., after stating the case: The principal question in this case relates to the location of the land which was conveyed by Rumbough to the *feme* plaintiff. The defendant contended that he did not sell to the plaintiff any land south or southeast of the red or Johnson line, and that the third call of his deed should stop at that line, or, if the call is extended to G (a chestnut oak in the Johnson line on the ridge), the next call should be from that point to the red or Johnson line, as shown on the map, and thence with that line passing 3 and crossing Spring Creek to the road. There was no evidence that the red line had been established or was known as the Johnson line at the time the deed was made to the plaintiff. The location of that line was then in dispute and a suit was pending for the purpose of establishing it. Besides, there was evidence that Rumbough had admitted that the chestnut oak at G was in the Johnson line, and there was also evidence that a survey of the land he intended to convey to the plaintiff had been made, at the request of Rumbough, by a surveyor, and the lines and corners marked, and that the deed was made in accordance with the survey. The court correctly instructed the jury as to the different phases of the case presented by the testimony.

The charge with reference to the location of the corners and lines by the survey actually made for the purpose of conveying the land to the plaintiff, and describing in the deed therefor its boundaries, is well supported by numerous decisions of this

Court. The survey made under such circumstances is considered as a practical location of the land by the parties. *Cherry v. Slade,* 7 N. C., 82; *Safret v. Hartman,* 50 N. C., 185; *Baxter v. Wilson,* 95 N. C., 137; *Elliott v. Jefferson,* 133 N. C., 207; *Fincannon v. Sudderth,* 140 N. C., 246; *Lumber Co. v. Ervin* and *Mitchell v. Welborn,* at this term. The general rule undoubtedly is, that the line or corner of another tract of land which is sufficiently established will control course and distance, but it is not a rule without an exception, and the principle we have just stated constitutes an exception to it. *Baxter v. Wilson, supra.* The instruction which the defendant asked the court to give to the jury, that the third call should stop at the red line, assumed that it was the Johnson line, when there was no evidence showing that it had, at the time the deed was made, been established. The evidence tended to show that Rumbough, when he executed the deed, did not so regard it. The court therefore properly charged the jury to consider the evidence as to the true location of the Johnson line at that time, consisting in part of the declaration of Rumbough himself, and especially to consider the evidence as to the practical location by the parties of the Johnson line and the boundaries of the land intended to be conveyed. The charge of the court stated clearly and fully the law arising upon the evidence. It embraced all instructions to which the defendants were entitled.

The issues were sufficient to present all matters in controversy and to determine the rights of the parties, and the court therefore properly refused to submit those tendered by the defendant. *Hatcher v. Dabbs,* 133 N. C., 239; *Ray v. Long,* 132 N. C., 891; *Patterson v. Mills,* 121 N. C., 251.

As no definite sum was admitted or shown to be due by the plaintiff to the defendant, and as the correct amount due could not be ascertained until the other questions were determined, it was not necessary for the plaintiff to make any tender of the amount due on the notes. *Vaughn v. Gooch,* 92 N. C., 610. The rights of the defendant in this respect are fully protected by the judgment of the court.

We have carefully examined the other exceptions, and find no error in the rulings of the court to which they were taken.

No Error.