CALDWELL LAND AND LUMBER COMPANY v. J. R. ERWIN.

(Filed 22 December, 1908.)

1. Grants—Deeds and Conveyances—Descriptions—Fixed Corners—Subsequent Surveys.

An instruction is erroneous when its effect is to ignore the calls of a grant under which a party claims, and adopts a line from a fixed corner subsequently made by the surveyor by construction and not by the actual survey upon which the patent was issued.

2. Grants—Boundaries—Calls.

In this case the call in grant No. 893, "beginning at the S. W. corner of entry No. 3058, and running with the line of the entry." refers to the line of entry No. 3058, upon which grant No. 895 was based. .(See chapter 173, Laws 1893.)

ACTION tried before *Ferguson, J.,* and a jury, at June Term, 1908, of CALDWELL.

This is a proceeding under section 1709 of the Revisal, in which the plaintiff filed a protest to an entry by the defendant of a certain tract of land in Caldwell County, containing 300 acres, more or less. The question is whether there was any vacant land within the boundaries described in the entry. The defendant introduced in evidence a grant to George N. Folk, No. 893, the calls of which were as follows: "Beginning on the hillside south of Lost Cove Creek, S. W. corner of entry No. 3058, and running north with the line of the entry, crossing Lost Cove Creek, 300 poles to a stake in J. M. Webb's line; thence west with his line 20 poles to his S. W. corner; thence north with his line 20 poles to a stake, corner of No. 3069, and thence by various courses and distances (given in the grant) to the beginning." There was evidence tending to show that the southwest corner of entry No. 3058 was at a chestnut, and that if the lines of grant No. 893 should be run north 300 poles with the line of the entry to Webb's line, and thence west with Webb's line to his southwest corner, there would be no vacant land within the boundaries of defendant's entry. J. M. Houck, who surveyed the land under the warrants, testified that he ran a line east from Webb's southwest corner 20 poles, and established a corner and located the line from that point to the chestnut, the beginning corner, by construction and not by actual survey. He also stated that the calls, courses and distances in grants numbered 889, 893 and 895 correspond with the lines as surveyed by him.

Among other instructions given, the court charged the jury as follows: "If you should find from the evidence that the surveyor, who surveyed under the warrant of the entry, actually located and established a corner by driving a stake and marking witnesses to it at 20 poles east of Webb's corner, then the grant would run to it." The jury returned a verdict for the defendant. The court, being of the opinion that the instruction above quoted was erroneous, set aside the verdict and ordered a new trial. The defendant excepted and appealed.

*Jones & Whisnant* for plaintiff.
*Lawrence Wakefield* and *Mark Squires* for defendant.

WALKER, J.   The new trial was properly ordered by the court, as the effect of the instruction was to ignore the calls of the grant and adopt a line which was not run and marked at the time the grant was issued, and with a view of making it one of the boundaries of the grant.   This case is not within the principle established in *Cherry v. Slade,* 7 N. C., 82; *Safret v. Hartman,* 50 N. C., 185; *Fincannon v. Sudderth,* 140 N. C., 246; *Elliott v. Jefferson,* 133 N. C., 207.   It will be seen upon an examination of these cases that none of them sustains the contention of the defendant that the instruction of the court was correct and the verdict should stand.   The rule that a line actually run by the surveyor, which was marked and a corner made, entitles the party claiming under the patent or deed to hold accordingly, notwithstanding a mistaken description of the land in the deed, presupposes that the patent or deed is made in pursuance of the survey and that the line which was marked and the corner which was made were adopted and acted upon in making the patent or deed, and therefore gives them controlling effect.   *Elliott v. Jefferson, supra.*   The court below, in *Safret v. Hartman, supra,* charged the jury "that notwithstanding the black oak was not called for in the deed, yet if it was marked as a corner to the land conveyed, at the time of the conveyance, the line should be extended to it, regardless of course and distance."   This Court held the instruction to be erroneous, and adverted to the rule as we have already stated it.   It does not appear in this case that the patent was made in pursuance of what the surveyor testified was done by him, but, on the contrary, the call is north from the southwest corner of entry No. 3058 with the line of that entry to Webb's line; thence west with his line 20 poles to his southwest corner; thence north with his line 20 poles to a stake, and thence with the several courses and distances to the beginning.   We do not know what the evidence will be at the next trial, and therefore cannot determine what the boundaries of the grant are.   We are of the opinion, though, that the call in grant No. 893, namely, "running with the line of the entry," does not refer to the line of entry No. 3059, upon

which grant No. 893 was issued, but to the line of entry No. 3058, upon which grant No. 895 was based. This appears clearly from the wording of the two grants. Chapter 173 of the Laws of 1893 provides for the correction of the calls of the entries by the descriptions in the grants issued to George N. Folk, and declares the latter to be "the true and proper descriptions." This act was passed before the entry of the defendant had been laid. The court did not err in setting aside the verdict and ordering a new trial.

No Error.