The following issue was submitted and responded to by the jury:
"1. Were the three deeds of 3 March, 1898, executed by D. S. Clarke and wife, Susan, to James Clarke, Harvey Clarke, and Henry Clarke, delivered to said parties? Answer: Yes."
It was thereupon adjudged that Benjamin Aldridge was owner of the tracts of land described in the two deeds from D. S. Clarke to Henry and J. B. Clarke, and that Harvey Clarke owned the land "described (328) in the deeds to him." Thereupon the defendant Aldridge, asserting his rights under said deeds and claimed by him to be in accordance with said decree, particularly under the deed to H. W. Clarke (Henry), which contained the land lying next to that of plaintiffs, occupied the property up to a divisional line: "Beginning at a recognized corner at D, runs thence S. 80 E. 33 poles to a stake; thence S. 65 E. 15 poles to a stake; thence N. 72 E. 60 poles to a stake; thence S. 87 E. 52 poles to a black gum, W. W. Clarke's corner," etc.
On the face of the deed to H. W. Clarke, this divisional line is described as follows: "Beginning at the recognized corner, D, runs thence S. 11 E. 33 poles; thence S. 65 E. 15 poles to a stake; thence N. 72 E. *Page 269 
60 poles to a stake; thence S. 87 E. 52 poles to a black gum, W. W. Clarke's corner," etc., the discrepancy, as it is now presented, being caused by running the line from D, S. 80 E. 33 poles, instead of S. 11 E. 33 poles, the call on the face of the deed.
The plaintiffs then, on affidavit filed and notice duly issued and served on all the adverse parties, returnable to term, moved the court for a writ of assistance to place them in possession of the land, according to the terms of the decree. On this notice, pleadings were regularly filed, and at said November Term, 1912, the cause was submitted to the jury and the divisional line was established by the verdict to be as contended for by plaintiffs. There was judgment for plaintiff, and defendant excepted and appealed, assigning for error certain rulings of the court on questions of evidence.
The writ of assistance, in its ordinary acceptation, is one issuing from a court having general equitable jurisdiction for the enforcement of decrees or orders conferring a right to the present possession or enjoyment of property. It usually issues on motion after notice duly served, when the right thereto is clear, and, as a rule, only against parties or persons bound by the terms of the decree. Wagon Co. v. Byrd, 119 N.C. 464; Exum v. Baker,115 N.C. 244; Knight v. Houghtalling, 94 N.C. 408; 2 (329) Beach Modern Eq. Practice, sec. 897; Schenck v. Conover, 13 N.J. Eq., and see editorial note to Clay v. Hammond, 199 Ill. 370, appearing in 93 Amer. State Reports at p. 154. It seems that the facts of the present case would properly call for or permit a resort to this process, but we are not required to determine this question, for the reason that, on notice duly served and returnable to term, pleadings have been regularly filed and the issues determined by the jury, and the parties having thus elected to treat the proceedings as an original action to recover land, we have concluded it is best to adopt their view and consider and deal with the case in that aspect.
Coming, then, to the principal question, the validity of the present trial before the jury, the plaintiffs put in evidence the original proceedings, including the decree and the deeds under which defendant claimed, particularly that to H. W. Clarke, describing the divisional line as running from the recognized point at D, S. 11 E. 33 poles to a stake; thence S. 65 E. 15 poles to a stake, etc., to the black gum corner, *Page 270 
and offered evidence further of the value of the lands wrongfully occupied by the defendant if the line from D, S. 11 E. were run as called for on the face of the deed. Defendant then offered to prove that, just prior to the execution of the deeds in question, and with the view of making the same, the grantor, D. S. Clarke, desiring to make division of said land among his children, went on the premises with a surveyor and the grantees, J. B. and Harvey Clarke, and ran and marked the boundaries, including this divisional line in controversy, running said line from "the corner fixed at D, thence along a fence, S. 80 E. 33 poles to a stake, thence S. 65 E. 15 poles to a stake along the fence, thence N. 72 E. 60 poles to G, thence S. 87 E. 52 poles to the black gum at H," said D. S. Clarke indicating the line and marking some of the trees and having others marked on the line as surveyed; that "the deed in question was made pursuant to said survey and intending to convey the land embraced in the same." This, with other evidence of similar purport, was, on objection, excluded by the court, and we are of opinion that the ruling must be held for reversible error.
It has been long held for law, in this State, that when parties, with the view of making a deed, go upon the land and make a physical (330) survey of the same, giving it a boundary which is actually run and marked, and the deed is thereupon made, intending to convey the land which they have surveyed, such land will pass, certainly as between the parties or voluntary claimants who hold in privity, though a different and erroneous description may appear on the face of the deed. This is regarded as an exception to the rule, otherwise universally prevailing, that in the case of written deeds the land must pass according to the written description as it appears in the instrument (Reed v. Schenck, 13 N.C. 415); but it is an exception so long recognized with us that it must be accepted as an established principle in our law of boundary. In Cherry v. Slade, 7 N.C. 82, the position referred to is thus stated: "Whenever it can be proved that there was a line actually run by the surveyor, was marked and a corner made, the party claiming under the patent or deed shall hold accordingly, notwithstanding a mistaken description of the land in the patent or deed"; and in Reed v. Schenck, supra, it was again referred to as follows: "Parol evidence to control description of land contained in a deed is in no case admissible, unless where monuments of boundary were erected at the execution of the deed. If the description in the deed varies from these monuments, the former may be controlled by the latter. Soon after these decisions and in some of the cases, expressions will be found giving intimation that the principle should only be allowed *Page 271 
to prevail when there are some other written data in the principal deed or elsewhere, by reference to which the physical survey could be attached; but a careful examination of the authorities controlling in the matter will disclose that this suggested limitation on the exception may not be sustained. Thus, in Cherry v. Slade, Chief Justice Taylor, delivering the principal opinion, refers with approval to the case ofPerson v. Roundtree, 2 N.C. 378, as follows: "In Person v.Roundtree, the latter entered a tract of land, lying in Granville County, upon Shocco Creek, which was run out, `beginning at a tree on the bank of Shocco Creek, running south a certain number of poles to a corner, thence north a certain number of poles to a corner on the creek, (331) thence up the creek to the beginning.' By a mistake, either in the surveyor or secretary who filled up the grant, the courses were reversed, placing the land on the opposite side of the creek to that on which it was really surveyed, so that the grant did not cover any of the land surveyed. Roundtree settled on the land surveyed, which was afterwards entered by Person, who obtained a deed from Lord Granville, and brought an ejectment against Rountree, who proved the lines of the survey and a possession under his grant. The Court decided that Roundtree was entitled to the land intended to be granted, and which was surveyed, and that he should not be prejudiced by the mistake of the surveyor or secretary." The question received very full consideration in several cases appearing in 119, 117, and 116 volumes of our reports, to wit: inHigdon v. Rice and Deaver v. Jones, 119 N.C. pp. 623
and 598; Shaffer v. Gaynor, 117 N.C. 15, and Cox v.McGowan, 116 N.C. 131, in which Associate Justice Avery, for the Court, in opinions of great force and learning, gives adherence to the principle as announced in Cherry v. Slade and Person v.Roundtree; and in Higdon v. Rice, the learned judge said: "It seems to have been conceded that, subject to some not very clearly defined restrictions, it is a rule of law that deeds and patents shall be so run as to include the land actually shown to have been surveyed with a view of its execution." In Deaver v. Jones the Court held: "That when a grant is located by contemporaneously marked lines, these lines govern and control its boundary and fix the location so as to supersede other descriptions."
In Shaffer v. Gaynor it was held: "A deed is a contract, and the leading object of the courts in its enforcement, where the controversy involves a question of boundary, is to ascertain the precise lines and corners as to which the minds of grantor and grantee concurred. Hence, though parol proof is not, as a rule, admissible to contradict a plain written description, it is always competent to show by a witness that the parties by a contemporaneous, but not by a subsequent, survey *Page 272 
agreed upon a location of lines and corners different from that ascertained by running course and distance."
(332) And again, in Cox v. McGowan: "All rules adopted for the construction of deeds embody what the law, founded on reason and experience, declares to be the best means of arriving at the intention of the parties at the time of the delivery of the deed; hence, course and distance, or even what is considered, in law, a more certain or controlling call, must yield to evidence, if believed, that the parties at the time of the execution of the deed actually ran and located a different line from that called for, such evidence being admitted to show the description of the line to be a mistake." And numerous and well considered cases, before and since these decisions, are in approval of the principle, notably Lance v. Rumbough, 150 N.C. pp. 19-24;Fincannon v. Sudderth, 140 N.C. 246; Elliott v. Jefferson,133 N.C. 207; Barker v. R. R., 125 N.C. 596; Bonaparte v.Carter, 106 N.C. 534; Baxter v. Wilson, 95 N.C. 137. InLance v. Rumbough, Associate Justice Walker, speaking to the question, said: "The survey made under such circumstances is considered a practical location of the land by the parties."
It is insisted for plaintiffs, that although the principle is fully recognized in this jurisdiction, it should not be allowed to prevail in the present instance, and this by reason of the language of the decree in the former proceedings, "That defendant is the owner of the land described in the deeds," and that defendant is thereby estopped from claiming the lands in controversy. But this position cannot, in our view, be sustained: First, for the reason that the parties only joined issue as to the delivery of the deeds, and the question of their boundary or correct location was in no way involved, and certainly was not considered or determined. It is the accepted rule, in such cases, "When a court, having jurisdiction of the cause and the parties, renders judgment therein, it estops the parties and their privies as to all issuable matters contained in the pleadings, and though not issuable in a technical sense, it concludes, among other things, as to all matters within the scope of the pleadings, which are material and relevant and were in fact investigated and determined at the hearing." A correct application of this principle, announced in Capehart v. Tyler, 125 N.C. 64, and approved in many other decisions of this Court (Weston v. Lumber Co., ante, 165; Coltrane v. Laughlin, 157 N.C. (333) 282, and Gillam v. Edmonson, 154 N.C. 127), is against the plaintiff's position. As heretofore stated, the boundary of these deeds and their correct location were not necessarily involved in the *Page 273 
partition proceedings, nor were they in any wise put in issue or investigated, and no estoppel arises, therefore, as to their proper location. Secondly, and apart from this, the law of boundary, which we have discussed and held applicable to the facts presented in the record, whether it be referred for its basic principle to the doctrine of mistake, as suggested by Associate Justice Avery in Higdon v. Rice, or to that of estoppel, as intimated by Mr. Justice Douglas in Barker v. R. R., as between the parties or against privies, who claim as volunteers, is a principle governing the correct location of deeds which prevails in actions at law. In such case it has not been held that any change in the phraseology of the deeds is required, and, therefore, in a case where the only issue involved was as to the delivery of the deeds, and there was no question of boundary either raised, considered, or determined, a decree awarding to a party litigant the lands contained in the deeds should, by correct interpretation, be construed to mean "as contained" in the deeds correctly located according to law.
For the error in excluding the evidence there must be a
New trial.
Cited: Allison v. Kenion, 163 N.C. 585; McMillan v. Teachey,167 N.C. 90; Lumber Co. v. Lumber Co., 169 N.C. 89.