### J. M. LEE v. J. A. AND J. W. ROWE.

(Filed 18 October, 1916.)

#### Instructions—Lands—Commissioners to Allot—Mistake in Description.

> Where commissioners have duly allotted to the several claimants their interest in certain lands, a charge· of the court, upon the evidence, is correct that if the jury found the commissioners in allotting the shares actually went upon the land and put up stakes as marking lines of each share, the actual allotment as made by them would control a mistake, if any, made in the written description. *Clark v. Aldridge,* 162 N. C., 326, cited and applied.

ACTION tried before *Daniels, J.,* September Term, 1915, of PENDER, upon these issues:

1. What is the true dividing line between plaintiff's and defendant's land?   Answer: "From H to the river."

2. Did the defendant wrongfully and unlawfully trespass upon same or any part thereof?   Answer: "Yes."

From the judgment rendered, defendant appealed.

*Bland & Bland, E. K. Bryan for plaintiff.*
*H. L. Stevens and C. E. McCullen for defendant.*

PER CURIAM. It was admitted that the plaintiff was the ·owner of lot No. 3 in the division of the lands of Thomas Lee, deceased, and that the defendant was. the owner of lot No. 4 in the division of the lands of Thomas Lee, deceased, and the question in this case was, Where is the true boundary line between the said lots?

It was admitted that there was not sufficient evidence of adverse possession by the plaintiff and those under whom he claims to ripen title to any part of the said lands outside of the boundaries of the deed.

It is conceded, and also stated in the judgment, that if the jury should find that the line running from H to the river on the map prepared by the referee was the true dividing line, then the plaintiff is the owner of the lands in controversy. We have examined the assignment of error relating to the admission of testimony and find them to be without merit.

His Honor charged the jury that if they found the commissioners in allotting the shares actually went upon the land and put up stakes as marking the lines of each share, that then the actual allotment as made by the commissioners would ·control the written description, if the commissioners made a mistake in writing out their description as they had actually allotted it on the ground. The charge is sustained by the following authorities: *Clarke v. Aldridge,* 162 N. C., 326; *Allison v. Kenion,* 163 N. C., 582; *Higdon v. Rice,* 119 N. C., 623.

No error.