### D. C. MILLIKIN v. R. H. SESSOMS.

(Filed 9 May, 1917.)

**1. Issues—Ejectment—Burden of Proof—Title—Possession.**

In an action of ejectment the plaintiff must show title in himself to the land in controversy, and that the defendant is in possession, and objection to an issue that it covers more than the land in controversy will not be sustained when the issue is raised by the pleadings, and thereunder the parties are afforded opportunity to introduce all pertinent evidence, and apply it fairly.

**2. Issues—Courts—Appeal and Error.**

The framing of issues must be left to the sound discretion of the trial judge, and generally will not be interfered with on appeal when sufficient to fall within the rule required.

**3. Deeds and Conveyances—Survey—Agreed Lines—Course and Distance.**

A line surveyed, marked out and agreed upon by the parties at the time of the execution of a deed to the lands will control, when established, the course and distance set out in the instrument.

CIVIL ACTION, tried at September Term, 1916, of RICHMOND, before *Cline, J.,* upon this issue:

Are the plaintiffs the owners and entitled to the possession of the land designated on the court map as included within the boundaries from "T" to the point marked "stake old gum witness," and thence to the edge of Mark's Creek and thence down Mark's Creek to its intersection with the line from "II" to "GG" and then to "GG" and thence towards "Q" to interception of the line from "N" to "T" and thence to "T"? Answer: "Yes."

From the judgment rendered, defendants appealed.

*Cox & Dunn for plaintiff.*
*Russell & Weatherspoon, Walter R. Jones for defendant.*

PER CURIAM. The defendants in apt time requested the court to submit the following issue to the jury: "Are the plaintiffs the owners and entitled to the possession of the lands designated on the court map as included within the boundaries from 'S' to the point marked 'GG'

thence toward 'Q' to its interception of line from 'N' to 'S' and thence to 'S.' The court declined to submit the issue, and the defendants except.

It is admitted that the issue submitted by the court covers all the land in controversy between the plaintiffs and the defendants. It is immaterial that the issue covers more land than is in controversy. In order to recover in an action of ejectment, the burden is upon the plaintiff to show by affirmative evidence title to the land in controversy as well as that the defendants are in possession of some part thereof. The plaintiff cannot recover from the defendants any more land than the evidence shows the defendants have in their possession. These are familiar rules governing actions of ejectment.

Under the issues submitted to the jury either party to the action could submit pertinent evidence tending to prove the title and possession of the land in controversy. The test to be applied to the issues is, Did the issues submitted afford the parties opportunity to introduce all pertinent evidence and apply it fairly? *Black v. Black,* 110 N. C., 398; *Pretzfelder v. Ins. Co.,* 123 N. C., 164.

The framing of issues must necessarily be left to the sound discretion of the trial judge, and generally they will not be interfered with by this Court if it appears that upon such issues as have been submitted each party is given opportunity to present their evidence and the law applicable thereto to the jury, provided, of course, that the issues are such as are raised by the pleadings. *Cuthbertson v. Ins. Co.,* 96 N. C., 480.

It appears from the evidence in this case that the plaintiffs claim as the devisees of one Pros. D. Millikin, and that the defendants claim as the heirs at law of one William B. Smith. These two ancestors were adjoining landowners; the one living on the western side of Yellow Branch and the other on the eastern side. In 1885 a dispute arose between them as to their dividing line. An action was instituted between the two parties for the purpose of settling this controversy. It appears that this suit was compromised and settled by the establishment of an agreed dividing line so that Millikin should have the land on the western side of the said line and Smith the land on the eastern side. It appears that Smith and wife executed a deed to Millikin for the lands on the western side and Millikin and wife executed a deed to Smith for the lands on the eastern side.

The only matter in issue in the present action is the true location of this compromised line agreed upon and established in December, 1888, between Millikin and Smith. The plaintiffs claim that this line ran from the point "T" along a hedgerow, an old fence and a marked line to the buzzard nest corner in the edge of Yellow Branch, where there is a stake and an old gum marked. The defendants claim that the agreed line ran from "Q" to "GG." The land in controversy lies between these two contentions and contains about 24 acres.

There is abundant evidence in the record that this agreed line was run and marked by a surveyor named Graham and that the quitclaim deeds between the parties were made in accordance with this survey. The defendants contend that the line claimed by the plaintiff ignores the calls and course of the deed. There is evidence tending to prove that this line was run and surveyed and agreed upon by the parties at the time the said deeds were made and contemporaneous therewith, and that seems to have been established by the verdict of the jury. It is settled beyond a controversy in this State that a line surveyed and marked out and agreed upon by the parties at the time of the execution of the deed will control the course and distance set out in the instrument. *Addington v. Jones,* 52 N. C., 582; *Safret v. Hartman,* 50 N. C., 185; *Williams v. Kivett,* 82 N. C., 111.

We have considered carefully all of the numerous assignments of error in the record and are of opinion that they are without merit. The matter seems to be largely a question of fact and to have been settled by the verdict of the jury. The charge of his Honor presented the different contentions of the parties clearly and fully, and we find no reversible error in it.

No error.