S. I. DUDLEY ET ALS. v. R. O. JEFFRESS.

(Filed 24 September, 1919.)

1. Deeds and Conveyances—Lands—Adjoining Owners—Divisional Line— Establishment—Estoppel—Boundaries.

When two tenants in common have a divisional line run by a surveyor and go upon the land with him and run and establish this line with the intent of making their deeds to the land in severalty, and so make the deed, and they deal with the land as their own with reference to this line,

the boundary so established will estop either of them from claiming a different one as being in accordance with their deeds.

2. **Same—Privies—Purchasers—Knowledge.**

    Where the original owners of land are estopped to claim, according to their deeds, a different dividing line from the one they have established as dividing their adjoining lands, their grantees are in privity with them and likewise estopped when they acquire the lands with knowledge of the line so established.

APPEAL by plaintiffs from *Daniels, J.,* at April Term, 1919, of PITT. This was an action to establish a boundary line. On 8 December, 1904, the defendant and Dr. Moye agreed to partition a tract of land which they held as tenants in common—two-thirds to defendant and one-third to Dr. Moye, and employed J. D. Cox to survey the land for partition. They were with the surveyor and the division line was run by him with their approval, and was marked at the time, through the cleared land by a fence and in the woodland by chopped trees and well defined surveyor's marks to Tar River, and the deed was made at that time. It further appears from the record that from the date of the survey Dr. Moye occupied only the land lying to the east thereof and the defendant occupied and cultivated the land to the west of this division line. Dr. Moye conveyed the part which he then held in severalty to Ada M. Cherry and husband in January, 1906, who recognized this division line. They conveyed in October, 1908, to the plaintiff, who went into possession of said land, claiming only up to the division line between Jeffress and Moore as marked by the dividing fence and the chopped trees. When the plaintiff purchased said land he had actual knowledge of this boundary line to which Jeffress and Moye and the grantee of the latter had occupied. He made no other claim prior to June, 1916, when Harding, surveyor, suggested to him that if he desired to put his lands on the market for sale it would be wise to have the lands surveyed and platted according to the courses and distances contained in the deed. According to that survey he would obtain the *locus in quo,* but to do so the line would not only take in land which the defendant had been all the time occupying, but would run through certain buildings which were on the defendant's side of the line, as it had been surveyed and marked on the ground by the surveyor when Moye and Jeffress were present, and agreeing upon the division. The jury found that the marked line was the true line, and the plaintiffs appealed.

*F. C. Harding, L. W. Gaylord and Albion Dunn for plaintiffs.*
*Skinner & Whedbee for defendant.*

·CLARK, C. J. The sixth assignment of error is to the following charge of the court: "Now, our Court has held that ordinarily a surveyor in running the lines of a tract of land shall be governed by the description contained in the deed conveying it, but there are exceptions to that. One of the exceptions is this, that where, with a view to making a deed ·or a division, the parties go upon the land and have the line marked and surveyed, intending it to be the line and to be included in the deed, then the line so surveyed and marked prevails against the description in the deed where there is a difference between them."

This is in exact accordance with the holding of *Hoke, J.,* in *Clarke v. Alridge,* 162 N. C., 327, and numerous cases there cited. This case has been cited with approval since with full citation of authorities by *Brown, J.,* in *Allison v. Kenion,* 163 N. C., 586, and by *Walker, J.,* in *Lumber Co. v. Lumber Co.,* 169 N. C., 89. Also in *Lee v. Rowe,* 172 N. C., 846. In a still later case, *Millikin v. Sessoms,* 173 N. C., 723, it is said: "It is settled beyond controversy in this State that a line surveyed and marked out and agreed upon by the parties at the time of the execution of the deed will control the course and distance set out in the instrument. *Addington v. Jones,* 52 N. C., 582; *Safret v. Hartman,* 50 N. C., 185; *Williams v. Kivett,* 82 N. C., 111."

The plaintiffs, while conceding that this would apply as between the original parties, Moye and Jeffress, and their privies, contend that it is inequitable as to the plaintiffs, who are innocent purchasers for value. In this case Dudley, however, bought with notice that the line had been agreed upon and marked and that the parties and their assignees held up to said marked line and he holds subject to the same estoppel.

This is the chief point in the case, and the jury have found their verdict upon a proper instruction from the court as to the law. The other exceptions do not require discussion.

"Privy means a privity in estate—a property right acquired by contract or inheritance. Bigelow on Estoppel, 142," cited with approval in *Shew v. Call,* 119 N. C., 454.

"The term 'privity' denotes mutual or successive relationship to the same right of property." 6 Words and Phrases and the exhaustive citations and authorities there cited, pages 5606-5609. It is there held that privies are of three kinds—in blood, in law and in estate. A privy in estate is one who derives his title to the property in question by purchase. *Orthwein v. Thomas,* 127 Ill., 554; 4 L. R. A., 434; 11 Am. St., 159.

"Privity exists between two successive holders when the later takes under the earlier, as by descent or by will, grant, or voluntary transfer or possession." *Sherin v. Brackett,* 36 Minn., 152. "Privity implies

succession. He who is in privity stands in the shoes or sits in the seat of the owner from whom he derives his title and thus takes it with the burden attending it." *Boughton v. Harder,* 61 N. Y., Supp., 574.

The plaintiff Dudley having bought and taken the deed with knowledge that the line as claimed by the defendant had been settled and marked on the ground by a fence and a line of chopped trees to the river, and that the parties, since said partition, including those under whom he claims, had recognized and held up to that line, cannot go beyond that boundary by reason of any error of the parties in drawing the deed not in conformity to said line.

No error.