S. S. M. REALTY COMPANY v. ORTON BOREN ET AL.

(Filed 7 April, 1937.)

1. **Partition § 11—Center of partition wall erected by tenants in common constitutes dividing line as against calls in their deeds.**

Where tenants in common go upon the land and effect a partition by building a dividing wall with a staircase in the middle which both thereafter use in getting to their respective properties, and exchange deeds for the property as thus divided, the center of the partition wall as thus established is the dividing line of the properties binding upon the tenants and their privies, and will govern as against calls in the deeds giving one tenant the wall and stairway.

2. **Boundaries § 1—Boundary will be established in accordance with intent of parties at time of execution of the instrument.**

In construing a deed the courts will endeavor to ascertain the intent of the parties at the time of the conveyance, and calls and courses will be established as of that time, and where the parties at the time go upon the land and locate a line, such line will prevail as against a contrary call in the deed, evidence of the line as established by them being competent to show that the description of the line in the deed was a mistake.

APPEAL by defendants from *Clement, J.,* at October Term, 1936, of WILKES.

Civil action in ejectment.

The controversy involves space occupied by partition wall and stairway.

In 1904, D. W. Mayberry and J. I. Myers dissolved their partnership business, and, as tenants in common, divided the mercantile establishment between them. Mayberry testifies: "When we decided to divide

the business we put the partition wall in there and then divided the building. We built the partition for the purpose of marking the line between us. The partition went from the basement to the roof. I took one side of the partition and he took the other. We did this before Mr. Myers or I either conveyed our interest to anyone. That was when I made him a deed to the lot on the west side of the partition and he made me a deed to the lot on the east side. I saw the building about a couple of years ago and the partition wall is at the same place that it was when Mr. Myers and I built it. When we built the partition marking the line between us we used the stairway jointly to go up to our property."

Plaintiff derives title by *mesne* conveyances from D. W. Mayberry. Defendants claim under J. I. Myers.

In apt time, the defendants requested the following special instruction: "That if the jury shall find from the testimony and by the greater weight thereof that Mayberry & Myers ran the partition in the building for the purpose of marking the line between their property and thereby actually marked their line between them upon the land, then the court charges you that this would constitute the line as marked, and that defendants' title would cover the land to the center of the partition." Refused; exception.

From verdict and judgment for plaintiff, the defendants appeal, assigning errors.

*W. M. Allen and J. H. Whicker for plaintiff, appellee.*
*A. C. Davis and C. G. Gilreath for defendants, appellants.*

STACY, C. J. The plaintiff prevailed in the court below on the contention that the calls in its deed, as shown by an actual survey, cover the wall and stairway in question. *Reed v. Schenck,* 13 N. C., 415. The law is, however, that when tenants in common, with a view to executing divisional deeds, go upon the premises and establish a dividing line, and deeds are thereupon made, intending to divide the land according to the division agreed upon, and they thereafter deal with the land with reference to said line, the boundary thus established will estop them and their privies from claiming a different line as being in accordance with the calls in their deeds. *Dudley v. Jeffress,* 178 N. C., 111, 100 S. E., 253; *Clarke v. Aldridge,* 162 N. C., 326, 78 S. E., 216. "It is settled beyond controversy in this State that a line surveyed and marked out and agreed upon by the parties at the time of the execution of the deed will control the course and distance set out in the instrument." *Millikin v. Sessoms,* 173 N. C., 723, 92 S. E., 359.

Speaking to the subject in *Cox v. McGowan,* 116 N. C., 131, 21 S. E., 108, *Avery, J.,* delivering the opinion of the Court, said:

"All rules adopted for the construction of deeds tend towards one objective point. They embody what the law, founded on reason and experience, declares to be the best means of arriving at the intention of the parties. 3 Washburn, 428 and 429. The intention, of course, relates to the time when the deed is delivered, hence course and distance, or even what is considered in law a more certain or controlling call, must yield to evidence, if believed, that the parties at the time of the execution of a deed actually ran and located a different line from that called for, such evidence being admissible to show the description of the line to be a mistake. *Buckner v. Anderson,* 111 N. C., 572; *Cherry v. Slade,* 7 N. C., 82; *Baxter v. Wilson,* 95 N. C., 137; *Stanly v. Green,* 12 Cal., 148; 3 Washburn, 435.

"In support of the position stated, we find that Tiedman, in his exhaustive work on Real Property, sec. 828, lays down the rule as follows: '*Contemporanea expositio est optima et fortissima in lege.* In construing deeds, courts endeavor to place themselves in the position of the parties at the time of the conveyance, in order to ascertain what is intended to be conveyed. For in *describing* the property parties are *presumed to refer to its condition at that time,* and the meaning of their terms of expression can only be properly understood by a knowledge of their position and that of the property conveyed.' The familiar rule that the course of a stream called for as a boundary is to be determined by showing the location at the date of the conveyance is referred to as one illustration of the practical operation of the rule."

Under the principle stated, which is well established in this jurisdiction, it would seem that the defendants were entitled to the special instruction, duly requested in apt time.

New trial.