## R. M. WEAVER v. EMMETT NUGENT ET AL.

### No. 2532.

1. **Jurisdiction to Set Aside Sheriff Sale.**—A suit to avoid a sale of land made under execution from a Justice's Court is properly brought in the District Court for want of jurisdiction of the Justice's Court to determine the right to the land in a direct proceeding to annul the sale.

2. **Same—Suit to Avoid Sheriff Sale.**—Such sale may be attacked for irregulari-

ties and inadequacy in price in defense to an action of trespass to try title for the land brought by the purchaser.

3. **Same—Parties.**—A tender of the purchase money by the defendant in execution attacking the sale will obviate the necessity of making the plaintiff in execution a party in the suit to avoid the sale.

4. **Practice—Ruling Upon Immaterial Issue.**—An erroneous ruling upon demurrer upon matters withdrawn from the jury in the charge or corrected in it, or if from the entire record it is manifest that no injury could have resulted to the party complaining of such ruling, will not be ground for reversal on appeal.

5. **Same.**—Error committed in a branch of the case not passed upon by the jury will not be ground for reversal unless it consists in excluding a material issue.

6. **Tender.**—A tender in the pleadings followed by a deposit of the money in court is sufficient as such.

7. **Fraudulent Sale.**—Where the testimony is contradictory, as if parties charged with making the fraudulent conveyance are called by the adverse party, and denying fraud testify that the sale was made for the purpose of paying their debts, the court can not withdraw the issue from the jury.

8. **Inadequacy of Price in Judicial Sale.**—The court properly charged that if the inadequacy was caused by any act done by the defendant in execution or by his direction or authority, the same would not be ground for setting aside the sale, and that the irregularities in the sale complained of must be shown and that they tended to cause the inadequacy.

9. **Homestead—Issue—Charge.**—When the homestead exemption was claimed the issue became whether the land was the homestead at the time of the levy of execution, there being no lien shown, it was proper to refuse a charge that the claimant of the exemption should show an abandonment of a former homestead in order to establish the exemption claimed.

10. **Consideration.**—A negotiable promissory note is a valuable consideration in a sale of land.

11. **Charge.**—A charge merely defective is not ground of reversal when the defect was not called to the attention of the trial judge by asking its correction.

12. **Pleadings.**—It is not necessary to allege what the court would be presumed to know, e. g., where irregularities in a sheriff's sale are alleged and that the price was inadequate, their connection not being alleged nor the pleading excepted to.

13. **Who may Sue to Avoid a Judicial Sale.**—Defendants in execution by warranty deed sold land which was subsequently seized and sold under the execution. The purchaser from defendants gave his promissory notes for the land. The execution sale was for a nominal price. Suit was brought for the land by the purchaser at the sheriff's sale against the defendants in execution and their vendee. *Held,* that whether the contract of sale between the defendants was fraudulent or bona fide the defendants in execution had an interest in the land, which if injured by the sheriff's sale they had the right to protect against the plaintiff in the suit for the land.

14. **Inadequacy of Price in Judicial Sale.**—Where there is practically no consideration the proceedings in making the sale must at least be regular.

15. **Same.**—Lands were sold under execution at from one-sixth to one-third of one per cent of their value, and slight irregularities were shown which may have caused the sacrifice. *Held,* that a verdict against the validity of the sale can not be held to have been rendered without evidence, and such verdict will not be set aside.

APPEAL from Red River. Tried below before Hon. E. D. McClellan. The facts are stated in the opinion.

*Sims & Wright,* for appellant. — 1. The answer of the defendants

undertakes to raise in a collateral manner, and not in a direct proceeding instituted for that purpose in the court from which the execution issued, the questions of irregularity of the sale under which plaintiff claims, also the inadequacy of consideration.    Miller v. Koertge, 70 Texas, 162.

2.   If the defendant Emmett Nugent bought the land in question from his sisters and codefendants after he knew that the judgment on the forfeited bail bond had been made final, that such judgment was still unsatisfied and an existing liability against them, and that after their conveyances to him they were left insolvent, that then the sale would be fraudulent in law.   This charge was asked by plaintiff and its refusal was error.

3.   Even though the jury should find from the evidence that the plaintiff bid in the land at grossly inadequate figures, yet if such inadequacy of price was occasioned by the conduct of the defendants or their authorized agents and attorneys by placing upon record the deeds from Eliza Griffith and Comma Garen (nee Nugent), and giving public notice of that fact at the time of the sale by the sheriff at which plaintiff purchased, that they could not be heard to complain of such inadequacy in this suit, and that this would be so even though the sheriff did not make demand upon the judgment debtors before making levy upon the land.   This was asked in the second and third charges and the refusal is relied upon for reversal.   Miller v. Koertge, 70 Texas, 162; Odle v. Frost, 59 Texas, 687.

4.   The entire testimony of the grantors, Mrs. Higgins (nee Griffith) and Mrs. Garen (nee Nugent), and the grantee, Emmett Nugent, as embodied in the statement of facts, and of their brother-in-law J. N. Stephens, show a conclusive case of fraud, and this question should not have been submitted to the jury.   Traylor v. Townsend, 61 Texas, 144; Lynn v. Le Gierse, 48 Texas, 140; Black v. Vaughan, 70 Texas, 47; Oppenheimer v. Halff, 68 Texas, 410; Greenleve et al. v. Blum, 59 Texas, 124; Williams v. Barnett, 52 Texas, 130; Baldwin v. Peet, 22 Texas, 708; Blum v. McBride, 69 Texas, 60; Blum v. Simpson, 66 Texas, 84; Elser v. Graber, 69 Texas, 222; Weis v. Oliver, 7 S. W. Rep., 47.

5.   There is error in the fifth paragraph of the charge in this:   The court treats as a matter of law that promissory notes of an insolvent minor still in the hands and under the control of the fraudulent grantors are "a valuable consideration."   Seligson v. Brown, 61 Texas, 180; King v. Russell, 40 Texas, 133; Belt v. Raguet, 27 Texas, 471; Hughes v. Roper, 42 Texas, 125.

6.   The charge is erroneous in that it failed to instruct the jury as to what irregularities would be sufficient to avoid a sale, and left them to be their own judges as to what it took to constitute irregularities.

*Chambers & Doak* and *G. F. Burdett*, for appellees.— 1.  The answer of defendants raises directly the question of the inadequacy of consideration and irregularity of the sale under which the appellant claims. Sayles's Texas Civil Statutes, art. 1262.

2.  The appellees having tendered and paid into court the amount bid by the appellant at sheriff's sale, it is not necessary to make the State a party to the suit, all other parties interested having been made parties by the appellant.  Brock v. Jones, 16 Texas, 461; Taul v. Wright, 45 Texas, 388.

3.  A justice of the peace has no authority under the Constitution and laws of Texas to make an order setting aside a sale of real estate or in any manner interfere with the title to it, and no proceeding could have been instituted in that court to set aside a sale of real estate.  Sayles's Civil Statutes, art. 1117, subsec. 4; Constitution of Texas, sec. 7, art. 5.

4.  The allegation and proof of fraud, however slight, on the part of appellant or his agent and attorney at the sale, taken in connection with the total inadequacy of the price for which the *locus in quo* sold, is sufficient to invalidate the sale.  Kaufman & Runge v. Morriss, 60 Texas, 119; Taul v. Wright, 45 Texas, 388; Hughes v. Duncan, 60 Texas, 72.

5.  The verdict of the jury was responsive to the issues in the case, is sustained by the law and the evidence, and the court did err in not instructing the jury to find for the plaintiff.  Appellant not being a creditor, and the deeds being made to Emmett Nugent before the levy of the execution, he can not complain of any fraud if any was perpetrated against the State, and is himself simply a volunteer.  Lehmberg v. Biberstein, 51 Texas, 461; De Garca v. Galvan, 55 Texas, 53; Johnson v. Crawl, 55 Texas, 571; Claybrooks v. Kelly, 61 Texas, 634; Fowler v. Stoneum, 11 Texas, 504; Foster v. Walton, 5 Watts (Pa.), 478.

WALKER, ASSOCIATE JUSTICE.—September 21, 1886, appellant brought an action of trespass to try title against Emmett Nugent, Eliza Griffith (married, while suit was pending, to Higgins), and Miss Comma Nugent (married to Garen), for certain lands described in the petition.

Defendants pleaded not guilty, and as to the land which had been levied on and sold to the plaintiff as the property of Comma Nugent, that it was exempt from execution as the homestead of herself and the defendant Emmett, they owning an undivided interest in a tract of land which had been allotted to their mother during her life and to certain of her children at her death; that the mother was dead, and the land had been occupied subsequently by them as their home, neither being married.

The defendant Eliza Griffith alleged that the lots 14 and 15 of 34.53 each was part of her homestead, she residing on a two-acre lot near, she being a widow with a minor son.  The sale was made August 3, 1886.

The defendants further alleged that no demand had been made upon

the said Mrs. Griffith or Miss Comma Nugent for money or for a levy; that the levy was made for the purpose of breaking them up; that the property levied on was reasonably worth $6450 and the judgment $350; that the lands were sold at execution sale and bought by the plaintiff at ten dollars, a grossly inadequate price, being about one-fifth of one per cent of its value; tender was made March 31, 1887, and the money was brought into court; that the knowledge of the sale was designedly kept from the defendants, who did not know of the levy or sale when made, etc.

In supplemental answer defendants alleged that they, the said Mrs. Griffith and Miss Comma Nugent, had not sold the land to their brother, the codefendant in this suit, in fraud, etc.

Other allegations were made which will be noticed hereafter.

The testimony showed that a judgment upon a forfeited bail bond had been rendered in a Justice's Court against the defendants, Mrs. Griffith and Miss Comma Nugent, as sureties for their brother; that execution issued thereon and came to the hands of the deputy sheriff July 9, 1886; that the deputy sheriff never called upon the defendants for the money or for a levy, nor was any levy pointed out by the county attorney, but he obtained the description of the lands from the county records; that defendants did not know of the issuance of the execution, levy, or sale until after the sale, which was made August 3; that they had some $50 or $60 of personal property liable to execution. It further appeared that the defendants had executed warranty deeds for the lands levied upon to the defendant Emmett Nugent, a minor, then wanting a few weeks of majority; that his negotiable promissory notes had been executed in payment, and that Emmett Nugent, after his majority, retained the land, renting it and receiving rents. These deeds were on record before the levy was made. At the sale notice of his claim was made by an attorney representing him. No one was present representing the county or State. It was shown that the lands were worth from three thousand to six thousand dollars, and that plaintiff bought them for ten dollars. The attorney who bought for plaintiff made out the sheriff's return at the sheriff's dictation, as testified to by him.

The court charged upon the issues made in the pleadings and testimony. Many instructions were asked by the defendants. A verdict was rendered for the defendants for the land and for the plaintiff for the ten dollars deposited. Judgment was accordingly, and for plaintiff for costs of suit. The plaintiff appeals and asks revision of the rulings of the court upon the pleadings of defendants and the charge of the court and the refusal of instructions asked by the plaintiff, as well also of the verdict, as not supported by the testimony.

The first assignment is not well taken. The purpose of the pleadings of the defendants attacked was to avoid the sheriff's sale. The sale was made August 3d, deed made August 31st, suit filed September 21, 1886,

by the purchaser at the sale for the land. The judgment under which the execution was issued and under which the sale was made was rendered in a Justice's Court. That court does not have jurisdiction where the title to the land is put in litigation to hear and determine the questions. The tender of the purchase money obviates the necessity of the presence of the State as a party nominal plaintiff in execution. This is in accordance with the decision in Miller v. Koertge, 70 Texas, 162.

The ruling of the court upon the exceptions to so much of the answer as pleaded the homestead exemption was not important, taken in connection with the subsequent proceedings. The court in its charge informed the jury that to the extent of the interest of one-fourth of the tract No. 1 sold as the property of defendant Mrs. Garen (nee Miss Comma Nugent) such claim was not sufficient to exempt it from the sale. The allegations as to the lots 14 and 15 claimed by Mrs. Griffith were sufficient, and to that extent the exceptions were not well taken. The actual residence upon the lot No. 2 and the cultivation of lots 14 and 15 by tenants in connection with the residence lot and claim of it as homestead, she being a widow with a minor child, were sufficient facts to constitute a homestead exempt from execution.

The ruling upon the alleged acts of the county attorney was immaterial, but the charge eliminated all the testimony on that subject from the case submitted to the jury.

That specific acts of fraud are necessary when a transaction is attacked as fraudulent is well recognized. The verdict was based upon another branch of the case, and on that account the ruling of the court questioned in the fourth assignment was not important.

The tender of the purchase money made in the pleadings of defendants, followed by the payment into court of the money bid at the sale and paid by the plaintiff, was sufficient as a tender. Spann v. Sterns, 18 Texas, 562.

The proposition in the first charge asked by the plaintiff and refused, "if Emmett Nugent, knowing of the judgment against his sisters, his vendors, and that it was unsatisfied, and that the purchase left his sisters insolvent, such sale would be fraud as matter of law," is not correct as applied to the testimony. If the sale was made as testified by both his vendors for the purpose of paying their debts it was not fraudulent. The defendants had the right to have the jury pass upon the testimony upon that issue as in the others.

The second and third instructions asked by the plaintiff did not distinguish the acts of the defendants in the execution from those of Emmett Nugent and Stephens. These latter were present or represented at the sheriff sale, and the acts referred to in these instructions might have applied to them, but not to the two sisters, who were neither present nor represented at the sale. Besides the substance of the two charges had

already been given in the general instructions given by the court. The jury were told that if the "inadequacy was caused by any act done by defendants, or by their direction or authority, the same would not be ground for setting aside the sale," and that the irregularities must be shown and that they tended to cause the inadequacy and were not caused by the defendants.

The refused charge No. 4, to effect that Mrs. Griffith could not have the benefit of the homestead exemption upon the lots 14 and 15 until total abandonment of her former homestead was proved, was directing the attention of the jury to an issue not in the pleadings and was upon the weight or effect to be given to certain parts of the testimony upon the issue.

When a homestead is left and another is acquired the acquisition of the new is an abandonment of the old. 61 Texas, 654, Slavin v. Wheeler. Whether the new homestead be one is to be determined by the questions, is it the residence of the family and the intent to occupy it as the home of the family. Besides, as the jury found for the defendants upon another issue the refusal worked no harm to plaintiff.

It is insisted that upon the uncontradicted testimony of the three defendants the court should have held the sale from the defendants in the execution to Emmett Nugent fraudulent and should not have submitted the issue to the jury. Fraud is a fact to be proved. It was the duty of the court to instruct the jury upon the subject, giving the law upon the issue and no more. It could not deprive the defendants of the right of a jury trial in whole or in part where facts evidenced by parol testimony were to be passed upon. The defendants distinctly affirmed the honesty and therefore the validity of the sale, and it was for the jury to find if the facts contradicted the oral testimony.

It was not error for the court to charge the jury that a negotiable promissory note was a valuable consideration. 53 Texas, 238, Cameron v. Romele; 17 Texas, 673, Case v. Jennings. Besides the insolvency of the maker of the notes was not proved. The minor ratifying his act after majority is bound by it.

Complaint is made that the court did not instruct the jury as to what irregularities were when the jury was charged as to the effect of irregularities in the proceedings before and at the sale in the acts of the officers, etc., coupled with inadequacy in the price paid. This was a defect, and if it had been called to the attention of the court by an instruction supplying it, such explanation should have been given. Miller v. Koertge, 70 Texas, 162. The charge was not erroneous in terms but deficient in fullness. It has been repeatedly held that a defective charge of itself is not ground for reversal.

The complaint that it was error to submit the question of the home-

stead claim of Mrs. Griffith to the lots 14 and 15 is not sustained. She testified to facts which if believed constituted the property her homestead.

It is complained that the answer contains no distinct allegation connecting the alleged inadequacy of price with the alleged irregularities as caused thereby. But exceptions were not urged to this defect. Both were alleged in the answer and testimony was introduced to sustain them. The natural connection can probably be presumed. It is not necessary to allege what the court would be presumed to know. 64 Texas, 88, Railway v. Curry.

The defendants in the execution had an interest in the sale. Their conveyances were with general warranty. Some interest in the lands would exist whether these sales to Emmett Nugent were fraudulent or honest. Holding the purchase money notes, they had a claim upon or interest in the lands which would be affected by the sale. If their conveyances were bona fide the title in their vendee would not be affected, but the litigation likely to arise upon the execution sale ordinarily would result in delaying the payment of the purchase money. If the sales were not in good faith they would be interested in the land discharging the judgment.

It is not shown that these women knew of the sale until after it was made. They did not know of the levy. They had some personal property subject to execution which reasonably would have brought several times as much money as was realized upon the sale of the land. They had the purchase money notes, a basis of credit upon which they could have raised the money to pay the execution had they been called upon. If their testimony was true, that they sold the land to get means to pay their debts, it is reasonable that they might have utilized these notes in some way to raise money to satisfy the judgment. Execution had been withheld for a time by order of the county attorney. "He did not attend the sale or authorize any one else to do so for the county. * * * He preferred holding the judgment to involving the county in a lawsuit for the land." The levy was not made at the instance of the county attorney who controlled the judgment and the execution. The deputy sheriff into whose hands the execution came took entire charge of the matter. He did not call upon the defendants for the money or for a levy; he might have known of the existence of some personal property subject to the execution. He obtained the description of the lands from the county records. He received the execution July 9 and made the sale August 3. In all subsequent proceedings the deputy sheriff followed the law. The lands were worth from three thousand to six thousand dollars and were sold for ten dollars.

The inadequacy of the price, being from one-fifth to one-third of one per cent of the value of the land, is so great that it can be considered but nominal, not actual. No one but the purchaser and the officers to whom

costs were owing could be benefited. The means of satisfying the judgment were destroyed to defendants and lost to the county, so far as the proceedings took effect.

It is well settled that "as to the failure of the sheriff to demand a levy of the defendant in execution before proceeding to sell the land, the statute on the subject is directory, and that the failure to comply with its requirements would not necessarily render the sale void." 59 Texas, 689, Odle v. Frost. So in Donnebaum v. Tinsley, 54 Texas, 366. "Mere irregularities of this sort do not affect the title of the purchaser who is not connected with them." This was in a case where there was no proof that the land did not sell for an adequate price, the value not being in proof.

In Taul v. Wright, 45 Texas, 394, is given the views of Justice Moore on the effect of irregularities when accompanied by inadequacy of price. "If the judgment is valid, though it may be impossible to determine the precise limit at which mere inadequacy in price alone will authorize the setting aside of a judicial sale, still it can not be denied that there may be cases in which the price paid is so utterly insignificant and shockingly disproportionate to the value of the property that a court of equity can not regard it as in conscience any consideration whatever, and the mere fact of attempting to hold the property so purchased will be held conclusive evidence of fraud. Certainly when there is an enormous inadequacy of price at sheriff's sale, if there are but slight irregularities, or other circumstances attending it calculated to prevent the property from bringing something like its reasonable value, it is regarded as unconscientious in the purchaser to hold the property so purchased, and his deed will be canceled." See also Freeman on Executions, sec. 309, and cases cited.

Where, as in this case, there is a practical confiscation of the property under the guise of an execution sale, it is likely the jury would scrutinize the testimony in an effort to account for the cause of such a sacrifice. Naturally before allowing the plaintiff to hold the property without the payment of more than a nominal consideration, they would under the charge consider all the circumstances preceding and at the sale, the fact that no levy was pointed out by the county attorney, the haste in making the levy, the failure to demand payment or a levy, the fact that the defendants in execution did have some personal property in the county liable to seizure (much more than enough to satisfy the costs), the ignorance of the defendants in execution interested in the sale of the levy and of the sale; and the jury might reasonably have been satisfied, notwithstanding the deeds by the defendants in execution to their brother, that the gross inadequacy or absence of more than a nominal price was to a great extent occasioned by the irregularities. It may even be held that in such a case the party holding should show an exact compliance with the law; that is, not deciding that the mere assertion of the claim is unconscientious, we hold that where there is practically no consideration

the proceedings must at least be regular in order to pass title. The verdict was upon this issue. Plaintiff recovered his purchase money and costs of suit and the sale was annulled.

Finding no error the judgment will be affirmed.

*Affirmed.*

Opinion December 11, 1888.