WALKER v. SANDOZ et al.　(No. 5539.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1915. Rehearing Denied June 25, 1915.)

MORTGAGES ☞338—FORECLOSURE—SUIT TO RESTRAIN SALE.

A grantee executed to the grantor a deed of trust to secure a note for borrowed money, not forming a part of the transaction involving the conveyance of the land. The grantee sold the land to a third person who assumed payment of the note. The grantor was not insolvent and could respond to any loss from any defect in the title. The note was not paid, and the trustee in the deed of trust proceeded to sell the land pending suit against the third person by one claiming superior title to part of the land. Held, that a temporary injunction restraining a sale on the grantee and the third person paying the note less the claimed value of the land claimed under a superior title, gave sufficient relief to the grantee and the third person.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1026–1035; Dec. Dig. ☞338.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by W. A. Cocke and another, against Evelyn P. Sandoz and others. From a judgment rendered on application for temporary injunction, plaintiff Ganahl Walker appeals. Affirmed.

McFarland & Lewright and W. H. Kennon, all of San Antonio, for appellant. Thos. W. Masterson, of San Antonio, for appellees.

---

FLY, C. J. This is a suit instituted by W. A. Cocke and Ganahl Walker against Evelyn P. Sandoz and her husband, Edward Sandoz, and R. D. Potts, trustee, to restrain the sale of certain land by said Potts, as trustee, until after the final disposition of a certain suit brought by J. F. Winans against appellant, for a part of section 1, the mortgaged land to be sold by the said trustee under a deed of trust which was executed by W. A. Cocke to R. D. Potts, trustee, for the benefit of Evelyn P. Masterson, now Evelyn P. Sandoz, and until after appellant should have reasonable opportunity to ascertain the true locations of the corners and boundaries of the tracts of land which were conveyed by Mrs. Sandoz to W. A. Cocke, and by the latter conveyed to appellant, and to require Mrs. Sandoz to credit the note with the market value of the tract sued for by Winans, in case he should prevail in the suit, and to credit the note with the value of any land that might be lost by reason of conflicts as to corners and boundaries, and to recover all costs and expenses incurred in ascertaining the true corners and boundaries. A temporary restraining order was granted, which was afterward modified to the extent that the trustee was permitted to advertise the lands for sale embraced in the deed of trust, on Tuesday, May 4, 1915. The application for temporary injunction was tried on April 28, 1915, and the following decree was entered:

"(1) That if plaintiffs herein, Ganahl Walker and W. A. Cocke, or either of them, shall within 20 days from this date pay or cause to be paid to defendant Mrs. Evelyn P. Sandoz a sum of money sufficient to cover the whole amount of principal and interest due and owing upon the date of such payment on the $4,500 note described in the pleadings herein, less the sum of $1,943.75 (representing the claimed value of the 77¾ acres of land for which one J. F. Winans is now suing said Ganahl Walker in the district court of Edwards county, Texas, cause No. 1003, entitled J. F. Winans v. Ganahl Walker), then and in such event the temporary restraining order granted herein on April 3, A. D. 1915, shall, automatically and without further action or orders of this court, continue in full force and effect until the final disposition (including any appeal which may or shall be taken by any party thereto) of cause No. 1003 in the district court of Edwards county, Texas.

"(2) That if no such payment as above specified shall be made by plaintiffs, or either of them, to Mrs. Evelyn P. Sandoz, within said period of 20 days from date hereof, then and in that event said temporary restraining order heretofore granted herein shall, at the expiration of said 20 days automatically and without further action or order of this court stand dissolved, and in that event defendants herein may proceed to advertise and sell, under the terms of deed of trust described in the original petition herein, the land in Edwards county, Texas, described in said deed of trust and in said petition, in satisfaction of the whole amount due and owing upon the $4,500 note described in said original petition herein.

"(3) That if plaintiffs shall, within said 20 days from date hereof, tender to defendant Mrs. Evelyn P. Sandoz the sum of money specified in paragraph No. 1 hereof, but if she shall refuse to accept same as a credit upon the whole amount of principal and interest owing on said $4,500 note, then and in that event the afore-said temporary restraining order herein shall continue in full force and effect, without further order of this court, until final trial herein upon the merits.

"(4) That if plaintiffs herein, or either of them, shall be dissatisfied with the partial relief herein provided for in behalf of plaintiffs herein, and if they, or either of them, shall, within 15 days from this date, perfect an appeal herein to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, by giving bond in manner and form as required by law, then and in such event, upon the perfecting of said appeal herein, there shall be suspended the enforcement of so much of this decree as permits defendants herein to proceed with the sale of said Edwards county land upon failure of plaintiffs herein to make the payment specified in paragraph or section No. 1 of this decree and from and after the perfecting of said appeal herein, if any taken by plaintiffs or either of them, defendants herein shall desist and refrain (from) taking any steps looking to the sale of the mortgaged premises in Edwards county, Texas, under the terms of the aforesaid deed of trust, unless and until final action shall be had upon any such appeal by plaintiffs or either of them from the terms of this order.

"(5) That the court is of the opinion and finds that plaintiffs are not entitled to any relief as to that part of their petition relating to other possible conflicts or defects of title, not involved in said suit of Winans v. Walker, and the temporary restraining order, in so far as it might relate to such relief, is now dissolved."

From that order this appeal has been perfected by appellant.

It appears from the record that on February 2, 1912, Mrs. Sandoz, then Mrs. Masterson, conveyed to W. A. Cocke surveys 1, 5, and 7, block J, G., C. & S. F. Ry. Co. land in Edwards county, Tex., and on February 12, 1912, conveyed to said W. A. Cocke sections 11, 13, and 19 in said block J, G., C. & S. F. Ry. Co. land in said county, and the grantee executed to the grantor a deed of trust on surveys 5, 11, 13, and 19, to secure a note for $4,500 due in three years given by W. A. Cocke to Mrs. Masterson, now Sandoz, for borrowed money, said Potts being named as trustee. W. A. Cocke sold surveys 1, 5, 7, 11, 13, and 19, being all of the land, to appellant, who assumed payment of the note. An abstract of title was promised Cocke by Mrs. Sandoz which showed in the grantor a good and marketable title, and in truth and fact the record title is perfect. The note for $4,500 was not paid, and the trustee advertised the land for sale under the terms of the deed of trust. One Winans, claiming 77¾ acres of survey No. 1, by limitation of 10 years, sued appellant for it.

The order of the trial court protected appellant fully against any possible loss in the suit of Winans for 77¾ acres of land by withholding from payment on the note for $4,500 the sum of $1,943.75, being the full value of the tract sued for. That sum was considerably more than one-third of the debt. Section No. 1, of which the 77¾ acres of land is a part, was conveyed to Cocke in a different transaction with him from the one in which the deed of trust was given. The allegations as to the conflict of corners and boundaries are entirely too vague, indefinite,

and uncertain to form a foundation for the issuance of an injunction, even if a good cause of action had been alleged otherwise. Appellant was allowed to retain, pending the Winans suit, all his testimony showed the 77¾ acres of land were worth. It is not pretended that Mrs. Sandoz had any knowledge of any one being on any part of the land, or that there were any such conflicts is not made clear by appellant in pleading or evidence.

There was no allegation of the insolvency of Mrs. Sandoz or of her financial inability to respond to any loss from a defect in the title to any of the land, and if the court had denied any relief by injunction the testimony would have justified such action. The testimony is ample to show that the conveyance of February 2, 1912, was a different transaction altogether from the one of February 12, 1912. The loan on the land was not one of the conditions or consideration of either trade, but the loan was made in a separate and distinct agreement. The money was not loaned on the 77¾ acres of land and no part of section 1 is included in the deed of trust. It was not alleged or proved that any part of the land included in the deed of trust had been sued for, and in fact no one was claiming any part of it. It may be that W. A. Cocke would not have bought the land he afterwards mortgaged had he not already possessed the 77¾ acres of land claimed by Winans, but that fact can be no defense to the foreclosure of the mortgage given by him to Mrs. Sandoz.

The allegations in the petition were fully denied, and, as it was not sought to dissolve the injunction on the motion, and the evidence was heard and action had under it, it was not necessary that the answer should be verified. Smith v. Palo Pinto County, 128 S. W. 1193. R. D. Potts swore that there were two distinct land trades between Cocke and Mrs. Sandoz. There were no defects shown to exist in the record title to the land, or any conflicts shown that were known to Mrs. Sandoz. There was no testimony tending to show that W. A. Cocke was misled by any statements made by Mrs. Sandoz, or her agent, but the statements made were shown to be absolutely true. The bill fails to show equities justifying or requiring the issuance of a writ of injunction, and under the allegations and evidence appellant obtained relief he was not entitled to, and he has no cause to complain. Appellees seem to acquiesce in the judgment.

Authorities cited by appellant, to the effect that injunctions will be granted to restrain the collection of notes given for land under certain circumstances, refer to notes given for the purchase money or parts thereof, and have no applicability to the note whose collection is sought to be restrained in this case. It was not claimed, nor attempted to be shown, that Cocke did not, in the exchange of properties between him and Mrs. Sandoz, get full value for his property, and the note for $4,500 was no part of the consideration, but was given for money loaned to Cocke by Mrs. Sandoz. His vendee has no equities entitling him to an injunction to restrain the collection of the note.

The judgment is affirmed.