**CARR et al. v. FROELICH et al.** (No. 1609.)

(Court of Civil Appeals of Texas. Amarillo.
Feb. 4, 1920. Rehearing Denied
March 24, 1920.)

**1. Mortgages ⊜338—Right to enjoin trustee's sale of land willed to minor by mother held clear on pleadings.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, providing when the county and district courts may issue writs of injunction, in a' minor son's suit in trespass to try title to recover under his mother's second will half of certain land left by her first will wholly to her second husband, plaintiff's right to injunction against trustee's sale held clear in view of specific averment that certain credits not shown on certain vendor's lien notes and not admitted should be allowed before the land was subjected to payment of the debt, and averment that a defendant obtained the vendor's lien notes for a fraudulent purpose.

**2. Courts ⊜202(5)—District court on appeal in probate matters has only appellate jurisdiction.**

The rule of practice in cases appealed from the county court in matters of probate to the district court is that the latter court has only appellate jurisdiction to revise, declare void, and set aside orders and decrees of the county court; the district court must try the case de novo, and no enlargement of the issues as made by the pleadings in the county court will be permitted.

**3. Injunction ⊜122—Verification of pleadings held sufficient to sustain issuance.**

In a minor son's suit in trespass to try title to recover under his mother's second will half of certain land left by her first will wholly to her second husband, verification of plaintiff's pleadings held sufficient to sustain issuance of injunction.

**4. Mortgages ⊜338— Offer to pay vendor's lien notes in trespass to try title wherein injunction was sought held sufficient.**

In suit in trespass to try title, wherein plaintiffs sought injunction against sale of the land by trustee to satisfy vendor's lien notes, if the amount or any part of the amount due on the notes was certain and ascertained, plaintiffs were required to tender the sum as a condition precedent to grant of injunction, but where they showed by their pleadings the amount due on the notes was in dispute, and asked that the sum be ascertained, a mere offer to pay was all required from them.

**5. Injunction ⊜172—Defendants not entitled to dissolution, though sworn answer negatives equities of petition.**

Even where the sworn answer negatives all the equities set up in the petition, defendants are not entitled as a matter of right to dissolution of injunction, but it is still a question within the sound discretion of the trial court, guided by the facts of the particular case under consideration.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Suit by Allen Froelich and others against C. M. Carr and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Kimbrough, Underwood, Jackson & Simpson, of Amarillo, for appellants.

F. P. Works, of Amarillo, for appellees.

HALL, J. Appellant Froelich, a minor, filed this suit in the district court of Potter county, through Glenn O'Brien and Carella O'Brien, as next friends. Glenn O'Brien also sues in his own right. The petition is in form of trespass to try title for the recovery by Froelich of 480 acres of land, he further alleging in substance that his mother, Eleanor Carr, had, after the death of her first husband, married C. M. Carr; that prior to her death she was the owner of the property described; that said property had been conveyed by John T. Scott to Glenn O'Brien for a consideration of $4,300 cash and six notes, aggregating $4,000, signed by Glenn O'Brien, C. M. Carr, and Eleanor Carr, four of said notes being for $500 each and two for $1,000 each, secured by vendor's lien on the land described, and further secured by a deed of trust to C. A. Wright executed by Glenn O'Brien; that thereafter Glenn O'Brien conveyed the land to Eleanor Carr; that the notes were subsequently transferred to Arthur E. Wallace; that the trustee under the power of sale in the deed of trust had advertised the property to be sold May 6, 1919; that Eleanor Carr died May 24, 1915, and prior to her death had made two wills, one dated February 24, 1918, by the terms of which she bequeathed all of her property to her husband, C. M. Carr, the second dated September 2, 1914, by the terms of which she bequeathed her property, share and share alike, to the defendant C. M. Carr and the plaintiff Froelich; that the first will had been probated by the county court of Potter county, at which time the second will was denied probate; that the second will was in fact her true will, and was denied probate through fraud on the part of defendant C. M. Carr; that C. M. Carr had executed a deed conveying the land to defendant Stowell, who in turn had conveyed it to defendant Wallace.

The petition prayed for writ of injunction restraining the sale by the trustee. As ground for injunction the petition further alleges that the second and valid will of Eleanor Carr was canceled and denied probate upon the unsupported testimony of the defendant C. M. Carr, showing the mental incapacity of the testatrix, Eleanor Carr, to execute it, and that in such proceeding the defendant Froelich was not represented by guardian ad litem; that at the time of the

execution of the second will Eleanor Carr was of sound and disposing mind and memory, which fact could and would have been established by competent testimony if plaintiff Froelich had been represented at the hearing when the first will was probated; that Glenn O'Brien and his wife, Carella O'Brien, could and would have produced testimony sufficient to probate the last will had they not been prevented from doing so by fraud on the part of C. M. Carr, in that he stated to O'Brien and wife that he was anxious to own the entire interest in the land in question, and that, if O'Brien would not insist upon the probate of the last will and would permit the first will to be probated, he (Carr) would place $4,000 in money in the hands of a trustee for the plaintiff Froelich; that said sum was equal to one-half of the value of the lands, to which proceeding the O'Briens agreed; that at the time C. M. Carr made this agreement he had no intention of carrying it out, and in fact did not keep his promise; that he had not contributed over $22 to the support of said minor Froelich, and, having secured the probate of the first will by such fraudulent means, had transferred the land to defendant Stowell for a nominal consideration of $1, who, on the same day, for the same consideration, conveyed it to defendant Wallace; that on February 8, 1917, plaintiff Froelich, by next friend, filed his petition in the nature of a bill of review in the probate court of Potter county to set aside the probate of the first will and praying for the probate of the second will, which petition was amended June 3, 1918; that said action has been appealed to the district court of Potter county, and that Carr, Stowell, and Wallace are parties defendant to that suit; that Stowell, Wallace, and Carr conspired and confederated in the execution of the quitclaim deeds above mentioned to place the title to the land beyond the reach of Froelich, wherefore Wallace is now trustee of the same for the benefit of the said Froelich; that the conveyance above mentioned by Scott to O'Brien was made at the request of C. M. Carr; that the land was held under said conveyance by Glenn O'Brien as a matter of accommodation to defendant Carr and his wife, Eleanor Carr, and that the title did not vest in O'Brien except in trust for Eleanor Carr; that thereafter O'Brien transferred the land to Eleanor Carr, causing the same to be vested in her as her separate property and for her sole and separate use and benefit, said latter conveyance being made on November 25, 1914, in consideration of which she assumed payment of all the above-described notes; that said notes are not the debt of Glenn O'Brien, but of Eleanor Carr, against the community property of herself and her husband, C. M. Carr; that said notes have not been presented for approval nor allowed as claims in probate against her estate; that such conveyance of the land and the execution of the notes was arranged by W. C. Robinson, of Colorado Springs; that at the time of the execution of the notes Glenn O'Brien left with the said Robinson other notes, aggregating $2,000, to be collected and applied as a credit on the vendor's notes, and that plaintiff believes that all of said notes or a large portion of the same have been collected and the proceeds paid to Scott, whereby the amount due upon them against the land has been reduced in about the sum of $2,000, wherefore plaintiff O'Brien joins in this suit for the purpose of protecting himself against judgment upon said notes; that Wallace is claiming to be the owner of said vendor's lien notes to the extent of $3,000 principal and interest in the sum of about $1,500; that the land is of the probable value of $15,000, and is ample security for all the indebtedness against it; that, in so far as said notes as secured by the vendor's lien are a valid charge against plaintiff's one-half interest in the land, he (plaintiff) tenders and offers to pay into court, upon ascertainment, the amount which may be due from him; that plaintiffs believe that the holding and handling of the vendor's lien notes by Wallace at the instance of and in behalf of the defendant Carr and in pursuance of the alleged confederation and collusion between the defendants was to defraud plaintiff of his interest in the land.

The defendants Wallace and Carr, being all of the defendants interested in the matter, by sworn answer denied practically all of the material allegations in the petition, and moved the court to dissolve the injunction previously granted. The answer contains a general and several special exceptions to the petition. Prior to the granting of the injunction, plaintiffs filed a first supplemental petition, urging several exceptions to the defendants' answer. To this pleading the defendants filed a first supplemental answer. In the original petition plaintiffs pray for an injunction restraining the defendants from selling or causing to be sold, under the deed of trust, the lands described, and restraining them from further transferring the notes until the matters in issue are first litigated and the rights of all the parties determined; that upon final hearing the injunction be made perpetual; that Froelich have judgment for the title and possession of an undivided one-half interest in the lands and personal property owned by Eleanor Carr, with writ of restitution and possession; that he recover his rents, damages, and costs; that plaintiff Glenn O'Brien be relieved of his liability upon the vendor's lien notes in so far as they may be shown to have been paid and discharged by the proceeds of the additional notes turned over to Robinson; and for such other and further relief, general

and special, both in law and equity, as they may be entitled to under the facts. By supplemental petition plaintiffs pray as in their original petition, and further that the motion to dissolve the injunction be overruled; that an order be entered staying the proceedings herein until after a final hearing in the district court in cause No. 2776 for the probate of the second will of Eleanor Carr. It is alleged that all the defendants, except Wright, the trustee, are nonresidents of the state.

Upon a hearing before the honorable district judge of Potter county the motion to dissolve the temporary injunction was overruled, and the case is properly before this court for review.

[1, 2] V. S. C. S. art. 4643, provides that county and district courts, either in term time or vacation, may issue writs of injunction: (1) Where a party shows he is entitled to the relief demanded, and that such relief requires the restraint of some act prejudicial to the applicant; (2) where pending litigation it appears that a party is doing or about to do some act respecting the subject of litigation in violation of the rights of the applicant which would tend to render the judgment ineffectual; (3) where the applicant is entitled to the injunction, regardless of his remedy at law, if irreparable injury to real estate is shown. As said in Hinton v. D'Yarmett, 212 S. W. 518, 523:

"In granting the relief authorized by this statute, we are not confined to the general rules of the equity practice on the subject. Generally all that is required is that the applicant has a substantial right cognizable in law that is or is about to be invaded, and that a writ of injunction is necessary to restrain some act prejudicial to him."

As shown by the authorities cited, the effect of the above-mentioned statute is to enlarge the powers and jurisdiction of the district and county courts in the matter of granting injunctions. The results sought by this suit may be summarized briefly as follows: (1) An effort on the part of Froelich to determine the amount of the debt actually due against the land at his mother's death; (2) to have declared void the conveyances by which the land and personal property passed from C. M. Carr to Stowell and from Stowell to Wallace, upon the ground that they were fraudulently made; (3) to establish a trust in all this property in favor of Froelich and to declare Wallace trustee as a result of the alleged fraud and conspiracy; (4) to establish the fact as alleged that the property was the separate estate of Eleanor Carr and limit C. M. Carr's interest to one-half; (5) to establish and prove certain credits not admitted by Wallace and Wright as against the notes for the payment of which the sale is sought to be made; (6) to give legal and binding notice of plaintiff's rights under his mother's

second will; (7) to enjoin the sale of the land under the trustees until the controverted matters are determined; (8) to stay proceedings affecting the property until the issue relating to the probate of the second will of Eleanor Carr has been determined in cause No. 2776; (9) to relieve O'Brien of personal liability upon the notes. This cause is numbered 2543 upon the docket of the district court of Potter county. As shown by plaintiff's petition, the suit numbered 2776 upon the docket of that court is an appeal from the probate court of Potter county, and, as stated above, is a proceeding in the nature of a bill of review to set aside the probate of the first will of Mrs. Eleanor Carr, by which she bequeaths all her property to C. M. Carr and to probate instead her second will, by which she bequeaths one-half of the real estate in litigation to Froelich. The title to one-half of the land is therefore in dispute in cause No. 2776. In this case it is specifically averred by O'Brien and Froelich that certain credits not shown on the notes, and not admitted, should be allowed before the land is subjected to the payment of the debt, and, it being further alleged that Wallace obtained the vendor's lien notes for a fraudulent purpose, the right to the injunction is clear. Either of the grounds mentioned has been frequently recognized as a sufficient basis for granting the writ. 27 Cyc. pp. 1455–1457; Walker v. Sandoz, 178 S. W. 26; Rosborough v. Picton, 12 Tex. Civ. App. 113, 34 S. W. 791, 43 S. W. 1033; Mott v. Maris, 29 S. W. 825; McGraw v. Morgan, 81 W. Va. 331, 94 S. E. 370; Lance v. Rumbough, 150 N. C. 19, 63 S. E. 357. Ordinarily the relief sought by this action might be obtained by amending the petition in cause No. 2776, but the rule of practice in cases appealed from the county court in matters of probate to the district court is that the latter court has only appellate jurisdiction to revise, declare void, or set aside orders and decrees of the county court sitting in probate. The district court must try the case de novo, and no enlargement of the issues as made by the pleadings in the county court will be permitted on appeal. Goodman v. Schwind, 186 S. W. 282; Hallam v. Moore, 126 S. W. 908. It has, however, been intimated that cases of this character may at least by agreement be consolidated and tried as one action in the district court. Young v. Gray, 65 Tex. 101; Newton v. Newton, 61 Tex. 511; Hawes & Duncan v. Foote, 64 Tex. 35; Veal v. Fortson, 57 Tex. 482.

[3] If we considered the affidavit of F. P. Works alone, the petition has not been verified in the manner required by law to entitle plaintiffs to the injunction, but, taken together with the affidavit of Glenn O'Brien, attached to and made an exhibit to the petition, and further with the affidavit of O'Brien and his wife to the plaintiff's

first supplemental petition, the verification of the pleadings is sufficient.

[4] Appellees show by their pleadings that the amount due upon the notes is in dispute. They ask that the sum actually due be ascertained in this proceeding and tender by the pleading payment of all such sums as may be found payable. If the amount or any part thereof was certain and ascertained, they would be required to tender such sum as a condition precedent to the granting of the injunction. Under the allegations an offer to pay is all that is required. Spann v. Sterns, 18 Tex. 556; Weaver v. Nugent, 72 Tex. 277, 10 S. W. 458, 13 Am. St. Rep. 792.

[5] Appellant urges the proposition that, because the sworn answer denies all the material allegations of the petition, the injunction should have been dissolved. Even where the sworn answer negatives all the equities set up in the petition, the defendants are not entitled as a matter of right to dissolution of the injunction, but it is still a question within the sound descretion of the court, guided by the facts of the particular case under consideration. Porter v. Johnson, 140 S. W. 469; Corbett v. Sweeney, 151 S. W. 855.

There are several other points briefed by appellants but, as they are collateral to the main issue, we do not deem it necessary to discuss them.

The judgment is affirmed.