**WEST TEXAS LOAN CO. et al. v. BECK-HAM.** (No. 1972.)

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1927.)

1. **Equity** ⊗⇒66—Plaintiff in injunction suit must allege that he has done or is willing to do everything necessary to entitle him to relief.

Under maxim that he who seeks equity must do equity, plaintiff, in suit for injunction, must allege that he has done or is willing to do everything necessary to entitle him to relief sought.

2. **Equity** ⊗⇒66—Plaintiff, not offering in pleading to pay amount found due, held not entitled to injunction against sale of lands under trust deed.

Plaintiff, whose pleadings showed that he owed defendant some amount, but contained no offer to pay amount found due by court, *held* not entitled to injunction against sale of lands under trust deed.

Appeal from District Court, Winkler County; Ben Randals, Judge.

Suit by W. L. Beckham against the West Texas Loan Company and another. From an order overruling a motion to dissolve an injunction, defendants appeal. Reversed and rendered.

J. A. Drane, of Pecos, for appellants.
Harper & Howard, of El Paso, for appellee.

PELPHREY, C. J. This is an appeal from an order overruling a motion to dissolve an injunction.

The appellants West Texas Loan Company, a corporation, and J. A. Drane, substitute trustee, proceeding under a deed of trust executed by W. L. Beckham to West Texas Loan Company, advertised for sale on September 7, 1926, certain lands described in appellee's original petition. On September 6, 1926, appellee filed his original petition in the district court of Winkler county, Tex., alleging that he was indebted to the West Texas Loan Company in some amount, but that part of said indebtedness had been paid by the delivery of cattle for which the appellant West Texas Loan Company had failed to give him credit, and further alleged that appellant had damaged him by interfering with a private contract, in refusing to allow him to lease the lands covered by the deed of trust; also alleging that no settlement had been had between appellee and West Texas Loan Company, and that the said West Texas Loan Company was endeavoring to confiscate said lands. Appellee alleged further that these facts entitled him to an injunction, and prayed that the sale as advertised be enjoined.

On the same day, the Honorable Chas. Gibbs, judge of the Seventieth judicial district, granted the injunction prayed for, and appellants were commanded to appear on the 11th day of October, 1926.

Demurrers and exceptions to the petition were filed by appellants, as well as an answer and a motion to dissolve the injunction.

Upon hearing, the Honorable Ben Randals, judge of said court, denied the motion to dissolve the injunction, and ordered that the injunction remain in full force and effect until such time as the case could be tried upon the merits. From that order this appeal is prosecuted.

Appellants present four assignments of error to the action of the court, but, in accordance with the view we take of the case, the second one only need be considered. Appellants contend that the court was in error in not sustaining their special exception No. 1 to the petition of appellee, for the reason that the petition on its face showed that appellee was indebted to the West Texas Loan Company and did not tender or offer to pay to the West Texas Loan Company the balance of the indebtedness shown by his pleadings to be due.

---

Appellee alleges in his petition that he was originally indebted to the West Texas Loan Company in the sum of $75,000; that he turned over to said West Texas Loan Company cattle of the value of $45,000; that he does not know the exact amount of his indebtedness to said West Texas Loan Company, but that he believes it not to exceed the sum of $25,000.

Appellee alleges that, if he had been allowed to handle the land, as he was entitled to, he would have had his just indebtedness to appellant West Texas Loan Company liquidated, and that he can now in a reasonable time liquidate all his just indebtedness to said company, that he believes and charges that he does not owe said company any sum in excess of $25,000, and that he has been offered, and can at this time sell a lease and the oil rights on any part of the whole of the above-described Winkler county land for the sum of $10 per acre, and liquidate his said just indebtedness to the said loan company.

In his prayer for an injunction, appellee asks that appellants be restrained from selling the lands under the deed of trust and that the court hear evidence and ascertain what plaintiff is due said loan company, in order that plaintiff may know what is due, if anything, on the said notes.

[1] Under the equity maxim, "He who seeks equity must do equity," it appears to be well settled that a plaintiff must allege that he has done or is willing to do everything which is necessary to entitle him to the relief sought. 32 C. J. 333. Spann v. Sterns, 18 Tex. 556.

It has likewise been held that, where plaintiff admits a sum of money to be due or equitably due to defendant, his petition must show that he has paid or offered to pay, or must contain an averment of his willingness to pay such sum of money to entitle him to relief by injunction. 32 C. J. p. 334; Spann v. Sterns, 18 Tex. 556; Weaver v. Nugent, 72 Tex. 272, 10 S. W. 458, 13 Am. St. Rep. 792; Carden v. Short (Tex. Civ. App.) 31 S. W. 246; Carr v. Froelich et al. (Tex. Civ. App.) 220 S. W. 137 (error refused).

In Carr v. Froelich et al., supra, the court had this to say, as to necessary allegations in a petition for injunction:

"Appellees show by their pleadings that the amount due upon the notes is in dispute. They ask that the sum actually due be ascertained in this proceeding and tender by the pleading payment of all such sums as may be found payable. If the amount or any part thereof was certain and ascertained, they would be required to tender such sum as a condition precedent to the granting of the injunction. Under the allegations an offer to pay is all that is required."

[2] The pleadings of appellee in this case show that some amount was due from him to the West Texas Loan Company, yet nowhere in his pleading does he offer to pay the amount that might be found by the court as due, and we are of the opinion that the special exception to the petition should have been sustained by the trial court.

Reversed, and judgment rendered dissolving the temporary injunction.