**SOUTHWEST GAS CO. v. HOFF et al.**

**No. 970.**

Court of Civil Appeals of Texas. Eastland.

April 22, 1932.

Rehearing Denied June 10, 1932.

Fred L. Blundell, of Lockhart, and G. E. Smith, of Comanche, for appellant.

Callaway & Reese and F. O. Jaye, all of Comanche, for appellees.

HICKMAN, C. J.

Appellee John P. Hoff and approximately one hundred other consumers of gas in the city of Comanche instituted this suit against appellant, Southwest Gas Company, complaining of excessive charges made by the appellant for gas consumed by them during the latter part of the month of December, 1930, and the greater part of the month of January, 1931. The plaintiffs alleged that the bills rendered to them for gas consumed during that period were unreasonable and excessive; that they did not use and could not have used the amount of gas for which the appellant was seeking to collect from them; and that they were threatened with a discontinuance of meter service if such bills were not paid by the 10th of February, 1931, with a resulting charge of $1.50 against each customer for reconnecting his meter. Their petition alleged that they had discontinued the use of stoves and other appliances for burning wood or coal in their homes and offices; that they had made large investments in gas stoves and appliances for heating and cooking purposes; and that, if their gas was cut off, as was threatened by appellant, they would be put to great financial expense and trouble, and would suffer irreparable damage and loss, with danger to the health, comfort, and well-being of themselves and families, both in their homes and offices. Their prayer was for a writ of injunction against appellant, enjoining and restraining it from adding 10 per cent. to the said bills rendered, "and from disconnecting the plaintiffs from the gas jets and from the meters in such a manner as to cut off the plaintiffs from the use of gas in accordance with their connections heretofore made with the said mains operated by the said defendant; and that the defendant may be enjoined and restrained from in any manner interfering with or injuring the said gas connections, privileges and benefits now owned and possessed by the plaintiffs; that defendant be cited to appear and answer this petition, and that on final hearing hereof said injunction be made perpetual and that plaintiffs have judgment for general relief and for costs of suit." The petition was presented to the district judge in chambers and the temporary restraining order prayed for was granted, to be operative until and pending the hearing on the merits on April 20, 1931. Defendant's answer, filed before the hearing of the cause on its merits, consisted of a general demurrer, certain special exceptions, general denial, and certain pleas not necessary here to detail. Upon the hearing before the court without the aid of a jury the general demurrer and all special exceptions were overruled and judgment entered perpetuating the injunction theretofore granted.

After the restraining order was issued, and before the trial, all of the original plaintiffs, except the fourteen who are appellees herein, paid the bills rendered them by the appellant for gas during the period in question, under promise by appellant that, if they would pay same, refund would be made to them of such amounts, if any, as they had overpaid, as determined by a careful investigation. All of such plaintiffs who had made settlement were dismissed from the case by order of the court and the permanent injunction ran in favor of the fourteen plaintiffs who are appellees herein.

Appellant's first assignment complains of the action of the trial court in holding that appellees' petition was sufficient to entitle

them to injunctive relief. The petition disclosed on its face that appellees consumed gas during the period complained of, and that for such gas they were indebted to the appellant in some undetermined amount; but there was no tender of payment for the amount of gas consumed, nor was the court called upon to determine the amount due by them, with tender of payment of the amount so found to be due. It is insisted that the petition was insufficient in that appellees did not offer to do equity, while themselves invoking the equitable powers of the court. The rule of law governing the question thus presented is well stated in 32 C. J. § 549, pp. 333 and 334, as follows: "Since he who seeks equity must do equity, under the general rule plaintiff must allege that he has done or is willing to do everything which is necessary to entitle him to the relief sought. Perhaps the most familiar application of this principle occurs in cases of averment of tender, as where plaintiff admits a sum of money to be due or equitably due to defendant. In these circumstances the bill must show that plaintiff has paid or has offered to pay, or must contain an averment of plaintiff's willingness to pay, such sum of money to entitle him to relief by injunction."

This is a rule of general application and has been followed by the courts of our own state. Carden v. Short (Tex. Civ. App.) 31 S. W. 246, 248 (error denied); Carr v. Froelich (Tex. Civ. App.) 220 S. W. 137; West Texas Loan Co. v. Beckham (Tex. Civ. App.) 291 S. W. 582.

From the case first cited we quote as follows: "Appellant admits that a part of his note, to secure which the deed of trust was given, was due and unpaid by him, and he did not tender payment of the sum so due. He was not in a position to invoke the equity powers of the court."

 It is no answer to appellant's contention to state that appellees did not know the amount owing by them and could not therefore make tender. In such a situation it was their duty to call upon the court to determine the amount owing by them and express a willingness to pay whatever amount the court should determine to be justly owing. Carr v. Froelich, supra, and authorities there cited.

Assignment No. 1 is sustained.

There are many other questions presented by the briefs of the attorneys for the respective parties; but in view of the above holding, which necessitates a reversal of the judgment, it would not be proper for us to discuss any of these questions, except the one complaining of a misjoinder of parties. This question will necessarily arise upon another hearing, in the event the petition is amended and further proceedings are had, and we therefore pass upon same.

▪ Appellant contends that each appellee should have brought a separate suit, and that it was not proper for them to join in one suit. We overrule this contention. Appellant's claim of right to discontinue service upon the failure of each consumer to pay his bill is based upon a single franchise. All of the appellees have a common complaint against appellant for a threatened injury of the same kind, based upon the same threatened act. Under such circumstances, when equitable relief by injunction is sought, it is proper for all of them to join in one suit. Teel v. Rio Bravo Oil Co., 47 Tex. Civ. App. 153, 104 S. W. 420; Supreme Lodge of Fraternal Union of America v. Ray (Tex. Civ. App.) 166 S. W. 46; Castleman v. Rainey (Tex. Civ. App.) 211 S. W. 630; City of Corsicana v. King (Tex. Civ. App.) 3 S.W.(2d) 857 (error refused).

The judgment of the trial court will be reversed, the injunction dissolved, and the cause remanded.